### TURMAN et al. v. TURMAN.

No. 12714.

Court of Civil Appeals of Texas. Fort Worth.

June 17, 1933.

See, also, 46 S.W.(2d) 447.

Rufus S. Garrett, of Fort Worth, and Davis & Patterson, of Wewoka, Okl., for appellants.

Cantey, Hanger & McMahon, of Fort Worth, for appellee.

T. P. Perkins and Boykin & Ray, all of Fort Worth, for trustee Allen.

LATTIMORE, Justice.

This matter involves two suits which we designate as the divorce suit and the partnership suit, respectively; the latter being this case before us on appeal.

On September 1, 1930, appellee sued appellant L. C. Turman for divorce. The suit was dismissed on September 19, 1930. The dismissal was set aside on September 25, 1930, and the cause again heard on October 2, 1930, and judgment was rendered granting the divorce and decreeing a division of community property by description and amounts. On October 11, 1930, appellant filed his motion for a new trial therein. He alleges here that that motion was heard on November 3, 1930, and that the court granted a new trial but thereafter refused to enter same on the trial docket or in his minutes.

No proof is offered in this partnership suit of that fact. We are not permitted to consider arguments before us as proof of what the record in the lower court should show but does not show. On December 17, 1930, the court entered a judgment revising and reforming the divorce judgment, from which judgment defendant appealed, and that cause is now pending in the Supreme Court on certified questions.

On October 15, 1930, this partnership suit was filed by Mrs. Turman in which she alleged that Thomas Turman, the father of her husband, was claiming a partnership in various properties which she alleged to be the community property of herself and her husband, L. C. Turman; that her husband was falsely admitting such partnership in an effort to defraud her out of a portion of her interest in said community property.

An amended petition was filed therein on January 17, 1931, wherein she prayed that (so far as applicable to this appeal) the claims of Thomas Turman of partnership be denied; that she have judgment "quieting her title to the described property and holding unlawful the claims of Thomas Turman and L. C.

Turman" in the said property and "perpetually enjoining them and each of them from in anywise claiming any right, title or interest in said property." At the time the original petition in this partnership suit was filed, defendant's motion for new trial in the divorce suit was pending against the judgment of October 2, 1930, and at the time the amended petition was filed herein defendant's appeal had been taken from judgment of December 17, 1930, in the divorce suit. Appellant pleaded in abatement to his being made a defendant in this partnership suit that this partnership suit against him sought to adjudicate the identical issues of title and interest as far as he is concerned that were involved in the divorce suit which has not yet been finally disposed of. This plea was filed on December 13, 1930. The term of court to which the cause was returnable expired on January 3, 1931. On that date the court entered an order that, due to the court not having time to hear several motions and pleas, "all such motions and pleas not acted on are passed to the next term of court." The same order was signed at the end of the next term on April 4, 1931.

■ On April 14, 1931, this partnership suit came on for trial, and the plea in abatement, being presented, was overruled on the named ground that same was waived by not being presented at the previous term. This was error, for two reasons: First, because the order of court was sufficient to preserve the plea. Second, subdivision 28 of article 2092, R. S. (1925), as Amended by Acts 41st Leg. (1930) 5th Called Sess., c. 70, § 1 (Vernon's Ann. Civ. St. art. 2092 subd. 28), which applies to the Seventeenth district court, provides that no plea shall be considered waived or overruled because not acted on at the term of court when filed, but may be acted on at any time which the judge may fix, and said article specifically provides that on trial all pleas in abatement undisposed of shall be determined. We do not say that these statutes of themselves relieve a litigant of his duty to ask a hearing on his plea in abatement at first term—it is not necessary herein—but that same show plainly that the order entered by the court preserves such plea.

■ This brings us to the consideration of the plea itself, taking as true all the facts alleged therein, which we must do in view of the court's refusal to allow same to be presented.

■ Mrs. Turman was deserted by her husband. She therefore had the right to protect the community property and to file suits in that course. The divorce suit was in judgment, though not final, and, as above stated, we have no right from the record to assume that defendant's motion for new trial then pending would affect its terms.

■ We believe therefore a suit to negate the cloud cast upon the community title by the claims of Thomas Turman was properly within her rights. Inasmuch as L. C. Turman was claimed to be a partner in such, he was properly joined. Incidentally, he was also her husband, but he was not a party defendant in the latter capacity as far as title to the property is concerned.

■ We must not be confused by this dual capacity. In so far as his interest as the husband is concerned in the property, that issue had been heard and was exclusively for determination in the divorce suit.

■ A plea in abatement, another suit pending, had its origin in equity and is in force in Texas. Benson v. Fulmore (Tex. Com. App.) 269 S. W. 71; Haney v. Temple Co. (Tex. Civ. App.) 55 S.W.(2d) 891. Under a sufficient plea in abatement, a discretion is to be exercised in a proper case as to whether proceedings in the second case are suspended or the cause dismissed. 1 Tex. Jur. 20; Haney v. Temple Co., supra.

In the partnership cause it is plain that no good purpose could be served by suspending litigation in the partnership suit as to the rights of the husband and wife as between themselves. If the divorce judgment is affirmed, it disposes of said rights. If a final decree in the divorce proceeding is not made, then the parties thereto are still married, and no partition of their interests in the properties can be entered in the partnership case. Martin v. Martin (Tex. Com. App.) 17 S.W. (2d) 789.

It therefore follows that so much of the judgment as attempts to decree the rights of Mrs. Turman in the properties as against L. C. Turman is erroneous, and so much of said judgment as decrees that Thomas Turman has no partnership interest therein was proper.

The judgment of the trial court is reformed, striking therefrom the order that Beryl Turman is the legal and equitable owner of undivided one-half of the described property; and that L. C. Turman is the owner of an undivided one-half of said property; that such property is subject to a lien in favor of plaintiff by virtue of the judgment in cause No. 88179, styled Beryl Turman v. L. C. Turman; that Beryl Turman recover of Thomas Turman for the protection of her undivided one-half interest of L. C. Turman. As so reformed, the judgment of the trial court quieting the title of Beryl and L. C. Turman, jointly, as against Thomas Turman, is affirmed. The costs of appeal are taxed against Beryl Turman.