**Betty M. STEIN, Individually and with Power of Attorney for Barbara Dian Minyard, et al., Appellants,**

v.

**LEWISVILLE INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

**No. 17417.**

Court of Civil Appeals of Texas, Fort Worth.

May 25, 1973.

Betty M. Stein, pro se.

Richard H. Kelsey, and Gerald E. Stockard, Denton, for appellees.

## OPINION

MASSEY, Chief Justice.

Reference is made to the opinion of this Court under the same general style but by our No. 17312 published at 481 S.W.2d 436. The Supreme Court, by its Order dated October 4, 1972, with Notation "Writ Refused, No Reversible Error," declared by implication that the Application for Writ of Error presented no reversible error by our decision under No. 17312. Of importance relative thereto: the Supreme Court retained jurisdiction for purpose of the appellants' Motion for Rehearing of its action of October 4th until date of November 22, 1972, when such motion was overruled.

While the case was on appeal and before its submission to this Court Mrs. Stein and her children, on November 16, 1971, filed a new suit amounting to a Petition for Bill of Review to set aside the judgment as to which they had perfected their appeal. The court in which the petition had been filed sustained a Plea in Abatement thereto, with its Order decreeing that the case so filed be abated but not dismissed pending disposition of the appeal pending under our No. 17312.

After this Court rendered judgment Mrs. Stein and her children filed their Petition for Writ of Error in the Supreme Court.

After the Supreme Court had entered its "No Reversible Error" order as applied to our action on the appeal but before it had taken any action on the Motion for Rehearing of the Petition for Writ of Error, Mrs. Stein and her children obtained a setting in the trial court of their suit for Bill of Review. In opposition and protest another Plea in Abatement was filed, wherein the defendants asked for dismissal of such suit. On hearing a record was made showing that at such time there was pending for action by the Supreme Court the aforementioned Motion for Rehearing filed by Mrs. Stein and her children.

By reason of such showing the trial court sustained the Plea in Abatement and dismissed the suit (upon the Petition for Bill of Review). It is from this order that the instant appeal was taken.

On the matter of pendency of an action in an appellate court as ground to

be set up in abatement of another and later action between the same parties see 1 Am. Jur.2d, p. 52, "Abatement, Survival, and Revival", Sec. 15, "Pendency in reviewing court". The pendency on appeal of the prior action is sufficient ground for the abatement of the suit in equity by Petition for Bill of Review. 1 C.J.S. Abatement and Revival § 73, "In General", and § 74, "Priority and Pendency of Appeal or Writ of Error" p. 116; 41 Tex.Jur.2d, p. 380, "New Trial", Sec. 168, "Bill of review"; Eastland County v. Davisson, 13 S.W.2d 673, 676 (Tex.Com.App., 1929); and other cases cited under 2 Texas Digest, "Abatement & Revival", ▮ "Appeal or other proceeding for review in other action".

In an abundance of precaution we will treat as raised the contention that even though it was proper to sustain the Plea in Abatement it was improper to dismiss the suit. Conceivably there might be an instance wherein it would constitute an abuse of discretion on the part of a trial court sustaining a plea in abatement to accompany such action by ordering dismissal of the suit. Conceivable would be a hypothetical case wherein a consequence of dismissal would of necessity deprive petitioner of any right to refile and seek to have prosecuted a cause of action on the merits.

▮ Here there is not possibility that prejudice could accrue to Mrs. Stein or her children by the force of the dismissal order. Hence there would be no occasion to consider any reason for any qualification of the general rule which invests in the trial court the discretion to either dismiss the action filed or to retain it until such time impediment to its consideration might be removed. Long v. Long, 269 S.W. 207, 210 (Dallas, Tex.Civ.App., 1925, no writ hist.); Haney v. Temple Trust Co., 55 S. W.2d 894 (Austin, Tex.Civ.App., 1932, writ dism.); and Turman v. Turman, 62 S.W. 2d 615 (Fort Worth, Tex.Civ.App., 1933, no writ hist.).

Judgment is affirmed.