AMERICAN MOTORISTS INSURANCE COMPANY, Appellant,

v.

Vida Ree BOX et al., Appellees.

No. 886.

Court of Civil Appeals of Texas, Tyler.

Dec. 11, 1975.

Rehearing Denied Jan. 8, 1976.

Kenzy D. Hallmark, Zeleskey, Cornelius, Rogers, Berry & Hallmark, Lufkin, for appellant.

William A. Badders, Badders & Keeling, Nacogdoches, for appellees.

McKAY, Justice.

Appellant, American Motorists Insurance Company, filed suit in the District Court of Nacogdoches County, Texas, for an equitable bill of review to set aside a prior partial summary judgment rendered in another suit then pending in the same district court. Appellees, Vida Ree Box, et al., responded by filing a plea to the jurisdiction and a plea in bar. After consideration of the pleadings and the argument of counsel, the

trial court dismissed the bill of review for want of jurisdiction. It is from this order of dismissal that appellant appeals.

The judgment which appellant seeks to review is a judgment rendered against appellant by the District Court of Nacogdoches County awarding appellees certain benefits under the Workmen's Compensation Act. In order to understand the present suit for bill of review, we will undertake to state a brief history of the previous litigation between the parties. The prior suit originated from a claim for death benefits under the Workmen's Compensation Act filed with the Industrial Accident Board by appellees. The Board awarded compensation benefits to appellees, and appellant gave notice of appeal. Appellant then attempted to perfect an appeal from the award of the Board by mailing a copy of its petition to the clerk of the District Court of Nacogdoches County for filing. The petition, however, did not reach the clerk of the district court within 20 days from the date notice of appeal was given as required by Article 8307, section 5, V.A.T.S. Upon learning that its petition had not been timely filed, appellant then personally filed its petition in the district court. In the subsequent proceedings, appellant alleged that the late filing should be excused since the petition had been properly and timely mailed but had not been timely filed due to the accident or mistake of the United States Post Office in Nacogdoches.

Subsequently, appellees filed a separate suit in the same district court to mature the award of the Industrial Accident Board. Appellees filed a motion for summary judgment maturing the award, but before such motion was ruled on, the two suits were consolidated by the trial court. Then the trial court granted the motion of appellees and rendered partial summary judgment maturing the award of the Board on the grounds that no appeal had been taken from the Board's award and that such award had, therefore, become final. The partial summary judgment was rendered on February 17, 1975, and recited that the amount of reasonable attorney's fees was the only issue remaining to be resolved. Upon final judgment being rendered in said suit, appellant perfected an appeal to this court. On the 11th day of December, 1975, this court affirmed the trial court's judgment awarding appellee's certain workmen's compensation benefits in a suit styled *American Motorists Insurance Co. v. Vida Ree Box et al.*, 531 S.W.2d 401.

The bill of review suit made the basis of this appeal was filed in the same district court on February 17, 1975, before entry of a final judgment in the previous litigation, seeking to set aside the partial summary judgment and any final judgment in the previous suit. The petition for bill of review stated that appellant had a meritorious defense to the compensation claim of appellees which it was prevented from presenting due to the accident or mistake of the United States Postal Service and not due to any lack of diligence or care on the part of appellant.

In response to appellant's petition for bill of review, appellees filed a plea to the jurisdiction and a plea in bar. The plea in bar alleged that appellant had failed to state a cause of action in that the petition " . . . shows on its face that it is attempting, by Bill of Review, to set aside an interlocutory order and a judgment yet to be entered in a case pending in the trial court, from which an appeal, as a matter of law, is allowed." The order of the trial court states, "The Court . . . is of the opinion and finds that the plea in bar is valid and meritorious and that this Court does not have jurisdiction, and it is accordingly ordered, adjudged and decreed that this case be dismissed for want of jurisdiction."

On this appeal from the order of dismissal, appellant contends that the trial court had jurisdiction of the petition for equitable bill of review. We agree with appellant's contention.

As stated in 4 McDonald, Texas Civil Practice Sec. 18.25 (1971), " . . .

only the court rendering the judgment has jurisdiction of a direct attack upon a judgment by way of bill of review" and " . . district courts obviously possess power to entertain such actions . . ." Therefore, the District Court of Nacogdoches had jurisdiction of appellant's equitable bill of review. In our opinion, however, dismissal was a proper disposition of the suit and the fact that the district court dismissed on incorrect grounds does not require a reversal of the order.

■ A bill of review is a separate suit seeking to set aside a final judgment and such a suit presumes the existence of a judgment which has become final by reason of the expiration of periods allowed for appeal. *Schwartz v. Jefferson*, 520 S.W.2d 881 (Tex.1975). 4 McDonald, supra, Sec. 18.27.6, also recognizes that where "the matters raised upon appeal or writ of error differ from those urged upon the bill of review, both methods of attack may be directed simultaneously against the same judgment . . ." We feel, however, that this latter rule is not applicable in this case. A limitation is placed on the litigant in that he cannot use an equitable bill of review to set aside the original judgment as a device to review any matters involved in the appeal or that could have been brought up by appeal. *Winters Mut. Aid Ass'n Circle No. 2 v. Reddin*, 49 S.W.2d 1095 (Tex. Comm'n App.1932, holding approved). We take judicial knowledge of the companion appeal from the original suit, and it is apparent that one of the objects of both the appeal and the separate bill of review is to excuse the failure of appellant to timely file its appeal from the award of the Industrial Accident Board. The appeal and the bill of review both involve the question of whether appellant will be charged with responsibility for the accident or mistake of the United States Postal Service in not properly forwarding appellant's original petition to the clerk of the district court. Appellant has elected to utilize its remedy at law through appeal for decision of this question and cannot simultaneously maintain a bill of review concerning the same point. "An action seeking to set it (judgment) aside upon equitable grounds must, however, present matters which were not and could not have been urged on appeal . . ." 4 McDonald, supra, Sec. 18.27.6.

■ In our opinion, the equitable bill of review was filed prematurely. Appellant's petition for bill of review shows that it was filed on the same day that the partial summary judgment was rendered. Therefore, appellant was seeking to set aside a judgment which was not yet final. Rule 329b(5), T.R.C.P. The trial court was authorized to take judicial knowledge of the record in the partial summary judgment case which was still pending before it. *Davis v. Donalson*, 91 S.W.2d 763 (Tex.Civ. App.—Dallas, 1936, writ dism'd). Moreover, the plea in bar filed by appellee brought the fact to the attention of the trial court that the bill of review was prematurely filed. When a bill of review is prematurely filed, it is within the discretion of the court to dismiss the suit. *Phagan v. State*, 510 S.W.2d 655 (Tex.Civ.App.—Fort Worth, 1974, writ ref'd, n. r. e.); *Stein v. Lewisville Independent School District*, 496 S.W.2d 737 (Tex.Civ.App.—Fort Worth, 1973, mand. overr.).

■ Although the trial court dismissed appellant's suit for an incorrect reason, reversal is not required since dismissal could properly have been ordered on the grounds that the bill of review was prematurely filed. Rule 434, T.R.C.P.; *Anthony v. Creech*, 303 S.W.2d 414 (Tex.Civ.App.—Beaumont, 1957, appeal dism'd).

Dismissal of appellant's bill of review was without prejudice. Consequently, we affirm the trial court's order of dismissal.

Affirmed.