**Shirley Little LEGRAND and Sammy D. Little, Appellants,**

v.

**NIAGARA FIRE INSURANCE COMPANY, James Stovall, and Maurice Adams, Appellees.**

**No. 12–86–0216–CV.**

Court of Appeals of Texas, Tyler.

June 5, 1987.

Rehearing Denied Feb. 4, 1988.

Clifton L. Holmes, Longview, for appellants.

G.R. Akin, Longview, Mike Hatchell, The Ramey Firm, Tyler, for appellees.

### OPINION ON MOTION FOR REHEARING

BILL BASS, Justice.

Our opinion dated April 30, 1987, is withdrawn, and the following substituted. This is an appeal from a judgment denying a bill of review. We reverse the judgment of the trial court and remand with instructions that the court dismiss the action.

Appellant Sammy D. Little was the insured under a standard homeowners policy issued by Niagara Fire Insurance Company. Among the provisions in the policy was the declaration by Little that the insured premises were the only premises where Little or his spouse maintained a residence. The policy also provided that if the insured ceased to reside at the premises and removed all or most of his unscheduled personal property, coverage would be suspended effective sixty days after the date of removal. Little had been divorced from appellant Shirley Little Legrand several years prior to the date of the policy. More than sixty days prior to the loss Little had removed all or most of his unscheduled personal property from the premises, and neither Little nor Legrand resided there. On May 22, 1980, the premises were damaged by fire.

In April of 1981 Legrand filed suit against Continental Insurance Company in the 7th Judicial District Court to recover under the insurance policy. Little intervened in the suit. Continental was not the issuer of the policy, and the mistake was apparently due to a confusion of names. On May 18, 1982, Legrand filed suit in the 114th Court against Niagara Fire Insurance Company, Little, and two partners of the Roy H. Laird Insurance Agency, James Stovall and Maurice Adams. On May 25, 1982, Little filed a cross-action against Niagara, Stovall, and Adams, seeking recovery on theories of negligence, estoppel, and the Texas Deceptive Trade Practices Act.

On April 4, 1984, Legrand's attorney received notice from the 7th Court that the suit against Continental would be dismissed for want of prosecution twenty-one days from the date of notice. The attorney forwarded a copy of the notice to Little's attorney, and shortly thereafter Little's attorney filed a motion to retain the suit against Continental on the docket. Attached to the motion to retain was the affidavit of Little's attorney, stating that plaintiff Legrand and intervenor Little had "compromised their differences" and that he was presently representing both of them. On April 16, 1984, the 114th Court mailed to Legrand's former attorney[1] a notice of intention to dismiss the suit against Niagara and others for want of prosecution. Little's and Legrand's attorney did not receive the notice, nor did the court inform him of the eventual dismissal on May 21, 1984.

On July 31, 1984, the Continental suit was transferred to the 114th Court. On December 11 the court entered an agreed judgment in favor of Continental, the parties agreeing that Continental was not the issuer of the insurance policy. On January 7, 1985, Little's and Legrand's attorney discovered that the Niagara suit had been dismissed for want of prosecution, and on January 10 filed a motion to reinstate. The motion was denied, and on March 12 the attorney filed a petition for bill of review on behalf of Little and Legrand. The petition was denied on August 20, 1986, and the plaintiffs appeal.

The judgment dismissing the Niagara suit for want of prosecution was not a final judgment, and the appellants therefore may not attack the judgment by bill of review. "By its very nature, a bill of review is a separate suit seeking to set aside a judgment which has become final." *Schwartz v. Jefferson*, 520 S.W.2d 881, 889 (Tex.1975); *see also Gregory v. Lytton*, 422 S.W.2d 586, 591 (Tex.Civ.App.—San Antonio 1967, writ ref'd n.r.e.). The judgment dismissing the Niagara suit states that "the above styled and numbered cause is hereby dismissed for want of prosecution." The judgment makes no reference to Little's cross-action.

In order to be final, a judgment must dispose of all issues and parties in a case. *North East Indep. School Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966). The general rule regarding finality is as follows: "When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, no order for a separate trial of issues having been entered pursuant to Rule 174, Texas Rules of Civil Procedure, it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties." *Aldridge*, 400 S.W.2d at 897–98. The rule is subject to an exception in those cases where the judgment dismisses for want of prosecution. *Id.* at 897. Specifically, "where the court dismisses plaintiff's suit, and does not refer to or mention the defendant's cross-action, the judgment does not dispose of the cross-action expressly or by implication, and is therefore not such a final judgment as will authorize an appeal therefrom." *Davis v. McCray Refrigerator Sales Corp.*, 136 Tex. 296, 150 S.W.2d 377, 378 (1941). *See*

---

**1.** It appears from the record that on April 16 Little's attorney had undertaken to represent both Little and Legrand in both the Continental and Niagara suits. Although nothing in the record indicates that Legrand's attorney formally sought to withdraw as counsel for Legrand, Little's attorney will hereafter be referred to as "Little's and Legrand's attorney."

*also Barrier v. Lowery,* 118 Tex. 227, 13 S.W.2d 688, 688 (1929); *Massey v. Davis,* 650 S.W.2d 551, 554 (Tex.App.—Eastland 1983, writ ref'd n.r.e.); Annot., 48 A.L.R.2d 748 (1956).

■ Although the record indicates that Little and Legrand pursued the Continental suit together as plaintiffs, Little appears only as a defendant and cross-plaintiff in the Niagara suit. Accordingly, we hold that the judgment dismissing Legrand's suit against Niagara and others for want of prosecution did not operate to dismiss Little's cross-action. Since the order dismissing Legrand's suit did not dispose of all parties and issues, the judgment was not final or appealable, and the trial court could not entertain a bill of review proceeding to set aside the judgment.

The judgment of the trial court is reversed and the cause remanded with instructions that the bill of review be dismissed.