IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





 





NO. 3-91-532-CV






MARIANNE PEARS CREWS,



 APPELLANT


vs.





RUTLAND PLACE APARTMENTS, ET AL.,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT



NO. 387,372, HONORABLE JOSEPH H. HART, JUDGE



 




PER CURIAM

 Appellant Marianne Pears Crews ("Crews") seeks to appeal from an order of
dismissal rendered by the district court of Travis County in her suit against appellees Rutland
Place Apartments ("Rutland Place") and Mary Pair. We will dismiss the appeal for want of
jurisdiction.

 In October 1985, Crews filed her original petition naming Rutland Place and Pair
as defendants. Shortly thereafter, Rutland Place filed a claim against John W. Crews, as a third-party defendant. See Tex. R. Civ. P. Ann. 38(a) (Supp. 1992). The trial court entertained
numerous motions either to dismiss, to retain, or to refer the cause to mediation, culminating in
the order of dismissal rendered on August 20, 1991. The dismissal order underlies the appeal
before this Court.

 The order states that "[p]laintiff's cause of action . . . is hereby dismissed with
prejudice" and taxes costs against Crews. The order does not refer to the third-party claim against
John W. Crews. The docket sheet does reflect a "Notice of Nonsuit and Dismissal (as to John
W. Crews)" dated August 21, 1991; however, neither the transcript nor supplemental transcript
filed in this cause includes the notice. (1) See generally Tex. R. Civ. P. Ann. 162 (Supp. 1992). 
Based on the record before this Court, we conclude that the order of dismissal, signed August 20,
1991, is not a final, appealable order.

 To be final, a judgment must dispose of all issues and parties in a case. North East
Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966); Legrand v. Niagara Fire Ins.
Co., 743 S.W.2d 241, 242 (Tex. App. 1987, no writ). For purposes of appeal, it is generally
presumed that a judgment, not intrinsically interlocutory in character, disposes of all parties and
issues legally before the trial court. Aldridge, 400 S.W.2d at 897-98. The rule is subject to an
exception, however: "It will not be presumed that a judgment dismissing a plaintiff's suit . . . for
want of prosecution . . . also disposed of the issues in an independent cross-action." Id. at 897;
Legrand, 743 S.W.2d at 242.

 The record here shows that Rutland Place filed a third-party action against John W.
Crews. Based on the exception stated in Aldridge, we may not presume that the order dismissing
Crews's cause of action against Rutland Place and Pair for want of prosecution disposed of the
third-party claim against John W. Crews. Aldridge, 400 S.W.2d at 897-98; Legrand, 743 S.W.2d
at 242-43. The judgment, therefore, is not final. With certain exceptions, not applicable here,
appellate courts can review only final judgments. Tex. Civ. Prac. & Rem. Code Ann. §§ 51.012,
.014 (1986 & Supp. 1992); Hinde v. Hinde, 701 S.W.2d 637, 639 (Tex. 1985); Aldridge, 400
S.W.2d at 895.

 Accordingly, the appeal is dismissed for want of jurisdiction.


[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Dismissed for Want of Jurisdiction

Filed: April 1, 1992

[Do Not Publish] 
1. [1]  On February 12, 1992, the Clerk of this Court requested that Crews file a supplemental
transcript with the notice of dismissal and nonsuit in this Court on or before February 27, 1992. 
To date, she has not filed such transcript. See Tex. R. App. P. Ann. 50(d) (Pamph. 1992).