**TAJ MAHAL, INC. and Babu Draksharam, Appellants,**

v.

**Dhia AL–WARDI and Razzak Jabur and d/b/a The Yard, Appellees.**

No. 04–93–00657–CV.

Court of Appeals of Texas, San Antonio.

Aug. 31, 1994.

David F. Beale, Houston, for appellants.

Richard P. Corrigan, San Antonio, for appellees.

Before CHAPA, C.J., and PEEPLES and HARDBERGER, JJ.

OPINION

CHAPA, Chief Justice.

APPELLANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION DENIED.

Appellants have filed a motion to dismiss

---

this appeal for want of jurisdiction.[1] Appellees (landlords) brought suit against appellants (tenants) in 1988 for damages to leased premises and conversion of personal property. Appellants filed an answer and a counterclaim for an alleged breach of the lease agreement. Appellants then failed to appear when the case was called for trial on the merits. The judgment states that the evidence presented by appellees demonstrated that they were entitled to judgment in the amount of $65,000 plus attorneys fees in the amount of $2500. The judgment orders recovery of these sums plus post-judgment interest and costs.

Appellants allegedly learned of the judgment in 1991 and thereafter filed a petition for bill of review. The trial court denied the bill of review and appellants filed the present appeal. They now contend that we lack jurisdiction to hear this appeal because the trial court lacked jurisdiction to hear the bill of review. This contention rests on the assertion that the judgment in the original lawsuit is not final because it does not dispose of appellants' counterclaim, a temporary injunction, or appellees' claims for punitive damages and prejudgment interest. Appellants also complain that the judgment is entitled "Judgment" rather than "Final Judgment," and that it does not contain a "Mother Hubbard" clause.

■■■ Appellants' basic premise—that if the original judgment is interlocutory, the bill of review court lacked jurisdiction—is flawed. "[A] bill of review is a separate suit seeking to set aside a judgment which has become final." *Schwartz v. Jefferson*, 520 S.W.2d 881, 889 (Tex.1975); *see also LeGrand v. Niagara Fire Ins. Co.*, 743 S.W.2d 241, 242 (Tex.App.—Tyler 1987, no writ). Finality of the underlying suit is a prerequisite to bringing a bill of review and lack of finality provides a basis for dismissal in the trial court. *See LeGrand v. Niagara Fire Ins. Co.*, 743 S.W.2d at 243. Lack of finality of the original judgment does not, however, deprive the trial court of jurisdiction over the separate bill of review suit.

For example, the court of appeals in *LeGrand* determined that the original judgment was interlocutory. *LeGrand v. Niagara Fire Ins. Co.*, 743 S.W.2d at 242–43. That court did not dismiss the appeal for lack of jurisdiction, however. Neither did it hold that the trial court was without jurisdiction. Rather, it held that the trial court could not entertain the bill of review because of the lack of finality. *Id.* at 243. It reversed the judgment of the trial court and remanded to that court with instructions to dismiss the bill of review. *Id.*

In *Gregory v. Lytton*, 422 S.W.2d 586 (Tex. Civ.App.—San Antonio 1967, writ ref'd n.r.e.), this court held that the original judgment was interlocutory. *Id.* at 589–90. We further held that the trial court properly dismissed the bill of review proceeding. *Id.* at 591. Significantly, we did not hold that the trial court lacked jurisdiction over the bill of review or that this court lacked jurisdiction over the appeal.

Other courts have also addressed the problem of a premature bill of review. In *Stein v. Lewisville Indep. Sch. Dist.*, 496 S.W.2d 737 (Tex.Civ.App.—Fort Worth 1973, mand. overr.), the judgment complained of was the subject of a pending appeal at the time the bill of review was filed. The court held that it was within the trial court's discretion "to either dismiss the action filed or to retain it until such time impediment to its consideration might be removed." *Id.* at 739; *see also Phagan v. State*, 510 S.W.2d 655, 664 (Tex.Civ.App.—Fort Worth 1974, writ ref'd n.r.e.). Similarly, the court in *American Motorists Ins. Co. v. Box*, 531 S.W.2d 407 (Tex. Civ.App.—Tyler 1975, writ ref'd n.r.e.), held that when a bill of review is filed before the judgment complained of becomes final, "it is within the discretion of the court to dismiss the suit." *Id.* at 410. None of these courts held that the trial court was without jurisdiction over the bill of review.

■■■ We need not decide at this time whether the judgment of which appellants complain is final. Even assuming that it is

---

1. Although appellants initiated this appeal, they are the parties who now assert that we have no

jurisdiction over the appeal.

not final, the trial court had jurisdiction over the bill of review. Any failure to satisfy all of the prerequisites to bringing a bill of review only affected appellants' entitlement to relief, not the jurisdiction of the court. Because the trial court had jurisdiction over this action, this court also has jurisdiction.

It is therefore ordered that appellants' motion to dismiss the appeal for lack of jurisdiction is denied.