LEE A HUGHES CUSTOM HOMES, INC. D/B/A ... V. ROBERT AND JACKIE SHOWS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-029-CV

LEE A. HUGHES CUSTOM HOMES, INC. APPELLANT

D/B/A MAVERICK HOMES

V.

ROBERT AND JACKIE SHOWS APPELLEES

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is a restricted appeal.  Appellant Lee A. Hughes Custom Homes, Inc. d/b/a Maverick Homes (“Hughes Custom Homes”) seeks reversal of a default judgment rendered against it in a suit brought by Appellees Robert and Jackie Shows (“Shows”).  While this appeal has been pending, the default judgment has been set aside in its entirety by the trial court in a bill of review proceeding, and the trial court has stayed the proceedings in that court pending arbitration.  We abate this appeal until such time that a final judgment on the merits is rendered in the bill of review proceeding and is either appealed to this court or allowed to become a final unappealable judgment.  

BACKGROUND

On July 2, 2001, the Shows sued Hughes Custom Homes in the 17
th
 Judicial District Court of Tarrant County in Cause No. 17-188283-01, alleging defects in construction of a house and asserting causes of action for breach of contract, breach of warranty, and violation of the Texas Deceptive Trade Practices Act.  On August 24, 2001, without a hearing, the trial court signed a default judgment awarding the Shows unliquidated damages of $80,000 and attorney’s fees of $3,500.  Hughes Custom Homes filed notice of restricted appeal from the default judgment on January 23, 2002, within six months of the date of the judgment.
(footnote: 2)  
See 
Tex. R. App. P.
 26.1, 30.
 

In its restricted appeal, Hughes Custom Homes presents two issues that it contends are apparent on the face of the record:  (1) that the petition filed by the Shows does not support the judgment because it fails to allege essential elements required by the Texas Residential Construction Act; and (2) that the trial court erred in awarding the Shows unliquidated damages and attorney’s fees without conducting an evidentiary hearing.   

While this appeal was pending, Hughes Custom Homes filed a petition for bill of review in the 17
th
 Judicial District Court of Tarrant County in Cause No. 17-191275-02, alleging as grounds for setting aside the default judgment that it had not been served with citation as required by law.  Because it relied upon extrinsic evidence to establish the defective service, Hughes Custom Homes asserted that the error was not apparent on the face of the record and, therefore, could not be raised in this restricted appeal but could only be raised in a bill of review proceeding. 

The Shows filed an answer and plea in abatement in the bill of review proceeding, seeking to prevent the trial court from ruling on the petition for bill of review while this restricted appeal was pending.
(footnote: 3)  On June 14, 2002, the trial court heard the petition for bill of review and indicated on the record that “the default judgment is set aside.”  On June 18, 2002, the Shows filed their  petition for writ of prohibition and motion for emergency relief in this Court, seeking to prevent the trial court from signing a written order granting the bill of review.  The Shows contended that the trial court was divested of jurisdiction when Hughes Custom Homes filed its notice of restricted appeal and that exclusive jurisdiction was thereby vested in this Court.  On June 19, 2002, the restricted appeal was submitted in this Court with oral argument.  On the same date, this Court denied the Shows’ petition for writ of prohibition and for emergency relief.  

On June 26, 2002, the trial court signed its written order granting Hughes Custom Home’s petition for bill of review and setting aside the default judgment in its entirety.  Thereafter, the Shows filed a motion for rehearing in this court of the denial of their petition for writ of prohibition, providing a certified copy of the written order and requesting this Court to vacate the order of the trial court setting aside the default judgment.  We denied the motion for rehearing.

No further information was provided to this Court by the parties as to the status of the bill of review proceeding until this Court requested additional  briefing to determine whether the setting aside of the default judgment mooted this appeal so as to require its dismissal or whether it should be abated.  The Shows and Hughes Custom Homes both assert that this restricted appeal is not moot.  Hughes Custom Homes argues that abatement would be appropriate if this court determines that it cannot proceed at this time to consider the merits.

DISCUSSION

The Shows contend that this appeal is not moot because the order granting the bill of review and setting aside the default judgment is void.  The Shows urge that the order is void because the trial court’s plenary power over the judgment expired prior to the filing of this restricted appeal, by which Hughes Custom Homes claims to have invoked the exclusive jurisdiction of this Court.  Citing rule 29.5(f), the Shows reason that the trial court thereafter had no power to interfere with this Court’s jurisdiction by setting aside the default judgment that is the subject of this appeal.  
Tex. R. App. P.
 29.5(f) (stating that a trial court must not make an order that interferes with or impairs the jurisdiction of the appellate court). 

We disagree.  First, expiration of the trial court’s plenary power did not affect its jurisdiction to entertain a bill of review.  Rule 329b of the Texas Rules of Civil Procedure, establishing the time frames of a trial court’s plenary power over its judgments, specifically contemplates that a bill of review is available only after a judgment is final, providing in pertinent part that “[o]n expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court 
except by bill of review for sufficient cause 
. . . .”  
Tex. R. Civ. P. 
329b(f) (emphasis added).  

A bill of review is an independent, separate suit filed under a different cause number but in the same court that rendered the judgment.  
In re Lambert
, 993 S.W.2d 123, 131 & n.4 (Tex. App.—San Antonio 1999, orig. proceeding); 
but see Caldwell v. Barnes
, 975 S.W.2d 535, 537 (Tex. 1998) (treating declaratory judgment action filed in different court, seeking to have default judgment declared invalid, as bill of review); 
In re K.M.S.
, 68 S.W.3d 61, 66-67 (Tex. App.— Dallas 2001) (treating petition for bill of review filed in same cause as original judgment treated as independent action), 
pet. denied
, 91 S.W.3d 331 (Tex. 2001) (per curiam).  As an independent suit, a bill of review is available only after expiration of a trial court’s plenary power.  
Elliott v. Elliott, 
21 S.W.3d 913, 916 (Tex. App.—Fort Worth 2000, pet. denied); 
In re Moreno
, 4 S.W.3d 278, 281 (Tex. App.—Houston [14
th
 Dist.] 1999, orig. proceeding); 
Villalba v. Fashing
, 951 S.W.2d 485, 489 (Tex. App.—El Paso 1997, original proceeding).  Thus, that the trial court no longer possessed plenary power to set aside the default judgment in no way deprived it of jurisdiction to set aside the judgment in the bill of review proceeding.

Second, we generally agree that the filing of a notice of appeal vests an appellate court with jurisdiction and causes the trial court to lose jurisdiction, but with certain exceptions.  
Tex. R. App. P.
 25.1 (stating filing of notice of appeal invokes appellate jurisdiction over all parties to judgment);
 see Robertson v. Ranger Ins. Co.
, 689 S.W.2d 209, 210 (Tex. 1985).  We disagree, however,  that rule 25.1 or rule 29.5(f) vests “exclusive” jurisdiction in the appellate court.   Neither rule so provides, and the latter rule applies only to interlocutory appeals.  No other appellate rule or case law precludes a trial court from exercising jurisdiction in a separate bill of review proceeding while a restricted appeal is pending from the original judgment.
(footnote: 4)
 To the contrary, we agree with Hughes Custom Homes that pendency of a restricted appeal does not preclude pursuit of a bill of review in the trial court  simultaneously when the matters raised in the bill of review proceeding are not apparent on the face of the record and thus could not be addressed in the restricted appeal.  
See, e.g., Tri-Steel Structures, Inc. v. Hackman
, 883 S.W.2d 391, 395, n.2  (Tex. App.—Fort Worth 1994, writ denied) (holding, under former rules of appellate procedure, that party may seek bill of review while simultaneously pursuing appeal by writ of error); 
American Motorists Ins. Co. v. Box
, 531 S.W.2d 407, 408 (Tex. Civ. App.—Tyler 1975, no writ) (stating both methods of attack may be simultaneously pursued where matters raised in each method differ) (citing 4 
McDonald, Texas Civil Practice 
§ 18.25 (1971)); 
First Nat’l Bank of Fort Worth v. Kelley
, 278 S.W.2d 350, 351 (Tex. Civ. App.—Eastland 1955, orig. proceeding); 
Smith v. Rogers
, 129 S.W.2d 776, 777 (Tex. Civ. App.—Galveston 1939, orig. proceeding) (refusing writ of prohibition seeking to prevent trial judge from proceeding with bill of review while appeal by writ of error pending).
(footnote: 5) 

Hughes Custom Homes asserts that the reason the appeal is not moot is because the order granting the bill of review and setting aside the default judgment is not a final judgment.  Additionally, Hughes Custom Homes argues that a justiciable controversy continues to exist as to the legal grounds presented in this restricted appeal because the order setting aside the default judgment is on different grounds than asserted here.  Again, we agree with Hughes Custom Homes.  

The mootness doctrine requires an actual justiciable controversy that is definite and concrete and that impacts the legal relations of the parties having adverse legal interests.  
Fed. Deposit Ins. Corp. v. Nueces Co., 
886 S.W.2d 766, 767 (Tex. 1994);
 City of Fort Worth v. Pastusek Ind. Inc.,
 48 S.W.3d 366, 371 (Tex. App.—Fort Worth 2001, no pet.); 
In re Salgado
, 53 S.W.3d 752, 757 (Tex. App.—El Paso 2001, orig. proceeding).  Despite the setting aside of the default judgment, Hughes Custom Homes’ issues in this appeal impact the legal relations of the parties and remain justiciable.  After the merits of the case have been determined and a final judgment is rendered in the bill of review proceeding in the trial court, the Shows may seek review of the order granting the bill of review and setting aside the default judgment by an appeal from the final judgment.  
In re Moreno
, 4 S.W.3d 278, 281 (Tex. App.—Houston [14
th
 Dist.] 1999, orig. proceeding) (holding interlocutory order granting bill of review not reviewable by mandamus because adequate remedy exists by appeal after final judgment); 
Tex. Mex. Ry. Co. v. Hunter
, 726 S.W.2d 616, 617-18 (Tex. App.—Corpus Christi 1987, orig. proceeding).  If this Court were to hold that the order granting the bill of review and setting aside the default judgment on the grounds asserted in that proceeding should be reversed, then the issues raised by Hughes Custom Homes in this appeal  would remain cognizable as independent grounds for setting aside the default judgment.  Therefore, we agree that the issues raised on this appeal are not moot.  Until such time as the bill of review proceeding results either in a judgment that is appealed or in a final, unappealable judgment, the grounds asserted for setting aside the default judgment in this appeal remain concrete and justiciable issues.  

On the other hand, it is elementary that an appeal may only be taken from a final judgment, unless allowed by statute.  
Lehmann v. Har-Con Corp.
, 39 S.W.3d 191, 195 (Tex. 2001).  Not only is there no final judgment now, but the judgment appealed from no longer exists at all.  It has been vacated.  Therefore, we believe that the appeal must be abated until such time as a final judgment is rendered in the bill of review proceeding and either appealed or allowed to become final and unappealable.  
See
 
Tex. R. App. P.
 27.3 (allowing appellate court to treat appeal from judgment that is modified or vacated pending the appeal to be treated as appeal from subsequent judgment); 
Newman v. Obersteller
, 915 S.W.2d 198, 199 (Tex. App.—Corpus Christi 1996, no writ) (holding premature appeal could be abated and considered after appealable order was entered) . 

CONCLUSION

Accordingly, we abate this restricted appeal.  No further action will be taken in this restricted appeal until this court (1) receives written notice from any party that a final judgment has been rendered on the merits in the bill of review proceeding, styled 
Robert and Jackie Shows v. Lee A. Hughes Custom Homes, Inc. d/b/a Maverick Homes
, Cause No. 017-191275-02, pending in the 17
th
 District Court of Tarrant County, Texas, and (2) the bill of review judgment has either been appealed, in which event we will reinstate this appeal and consolidate both appeals, or until the bill of review judgment is allowed to become a final unappealable judgment, in which event we will reinstate and then dismiss this appeal as moot.  

ANNE GARDNER

JUSTICE

PANEL B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DELIVERED:  May 29, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
The four elements of a restricted appeal, formerly termed an appeal by writ of error, are:  (1) the notice of appeal must be filed within six months after the judgment was signed (2) by a party to the lawsuit (3) who did not participate in the hearing that resulted in the judgment and did not timely file a post-judgment motion, and (4) error must be apparent on the face of the record.  
Tex. R. App. P.
 30;
 Stubbs v. Stubbs
, 685 S.W.2d 643, 644 (Tex. 1985).  The parties contest only the fourth requirement in this restricted appeal.

3:
We take judicial notice of the documents filed in the trial court in the bill of review proceeding in Cause No. 17-191275-02, as reflected in the record on file in the Shows’ petition for writ of prohibition filed in this Court, styled 
In re Robert and Jackie Shows,
 No. 2-02-213-CV.  
Tex. Real Estate Comm’n v. Nagle, 
767 S.W.2d 691, 694 (Tex. 1989) (op. on reh’g) (holding court may take judicial notice of its own records and judgments); 
Bynog v. Prater, 
60 S.W.3d 310, 310 n.1 (Tex. App.—Eastland 2001, pet. denied) (holding court may take judicial notice of its own records between the same parties involving the same subject matter); 
Trevino v. Pemberton
, 918 S.W.2d 102, 103 n.2 (Tex. App.—Amarillo 1996, orig. proceeding) (holding appellate court may judicially notice its own records in same or related proceeding involving the same or nearly the same parties).

4:
Cases requiring dismissal of a bill of review because of the pendency of an appeal have involved default judgments that were interlocutory or pending on direct appeal.  
See, e.g., Stein v. Lewisville I.S.D.
, 496 S.W.2d 737, 739 (Tex. Civ. App.—Fort Worth 1973, orig. proceeding) (holding that trial court had discretion to dismiss or abate bill of review pending direct appeal); 
see also Taj Mahal, Inc. v. Al-Wardi
, 885 S.W.2d 562, 563 (Tex. App.—San Antonio 1994, no writ) (holding lack of finality of original judgment does not deprive trial court of jurisdiction over bill of review, although it renders bill of review proceedings premature); 
Legrand v. Niagra Fire Ins. Co.
, 743 S.W.2d 241, 242-43 (Tex. App.—Tyler 1987, no writ) (op. on reh’g) (holding lack of finality required dismissal of bill of review, but did not deprive trial court of jurisdiction).  Unlike the judgments complained of in those cases, the default judgment here was final at the time the bill of review was filed.

5:
We deny the Shows’ request in their letter briefs that we vacate the order of the trial court.  This is the identical relief that they previously sought in their motion for rehearing of their petition for writ of prohibition, which we denied.  We decline to revisit that ruling for the reasons discussed and based on the authorities listed above.  Additionally, the request is tantamount to a second motion for rehearing of their petition for writ of prohibition, and is not properly before us.