COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-029-CV
 
LEE A. HUGHES CUSTOM HOMES, INC.       
           
           
           
APPELLANT
D/B/A MAVERICK HOMES
V.
ROBERT AND JACKIE SHOWS       
           
           
           
           
APPELLEES
------------
FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
This is a restricted appeal. Appellant Lee
A. Hughes Custom Homes, Inc. d/b/a Maverick Homes ("Hughes Custom
Homes") seeks reversal of a default judgment rendered against it in a suit
brought by Appellees Robert and Jackie Shows ("Shows"). While this
appeal has been pending, the default judgment has been set aside in its entirety
by the trial court in a bill of review proceeding, and the trial court has
stayed the proceedings in that court pending arbitration. We abate this appeal
until such time that a final judgment on the merits is rendered in the bill of
review proceeding and is either appealed to this court or allowed to become a
final unappealable judgment.
BACKGROUND
On July 2, 2001, the Shows sued Hughes
Custom Homes in the 17th Judicial District Court of Tarrant County in
Cause No. 17-188283-01, alleging defects in construction of a house and
asserting causes of action for breach of contract, breach of warranty, and
violation of the Texas Deceptive Trade Practices Act. On August 24, 2001,
without a hearing, the trial court signed a default judgment awarding the Shows
unliquidated damages of $80,000 and attorney's fees of $3,500. Hughes Custom
Homes filed notice of restricted appeal from the default judgment on January 23,
2002, within six months of the date of the judgment.(2)
See Tex. R. App. P. 26.1, 30.
In its restricted appeal, Hughes Custom
Homes presents two issues that it contends are apparent on the face of the
record: (1) that the petition filed by the Shows does not support the judgment
because it fails to allege essential elements required by the Texas Residential
Construction Act; and (2) that the trial court erred in awarding the Shows
unliquidated damages and attorney's fees without conducting an evidentiary
hearing.
While this appeal was pending, Hughes
Custom Homes filed a petition for bill of review in the 17th Judicial
District Court of Tarrant County in Cause No. 17-191275-02, alleging as grounds
for setting aside the default judgment that it had not been served with citation
as required by law. Because it relied upon extrinsic evidence to establish the
defective service, Hughes Custom Homes asserted that the error was not apparent
on the face of the record and, therefore, could not be raised in this restricted
appeal but could only be raised in a bill of review proceeding.
The Shows filed an answer and plea in
abatement in the bill of review proceeding, seeking to prevent the trial court
from ruling on the petition for bill of review while this restricted appeal was
pending.(3) On June 14, 2002, the trial court
heard the petition for bill of review and indicated on the record that "the
default judgment is set aside." On June 18, 2002, the Shows filed their
petition for writ of prohibition and motion for emergency relief in this Court,
seeking to prevent the trial court from signing a written order granting the
bill of review. The Shows contended that the trial court was divested of
jurisdiction when Hughes Custom Homes filed its notice of restricted appeal and
that exclusive jurisdiction was thereby vested in this Court. On June 19, 2002,
the restricted appeal was submitted in this Court with oral argument. On the
same date, this Court denied the Shows' petition for writ of prohibition and for
emergency relief.
On June 26, 2002, the trial court signed
its written order granting Hughes Custom Home's petition for bill of review and
setting aside the default judgment in its entirety. Thereafter, the Shows filed
a motion for rehearing in this court of the denial of their petition for writ of
prohibition, providing a certified copy of the written order and requesting this
Court to vacate the order of the trial court setting aside the default judgment.
We denied the motion for rehearing.
No further information was provided to
this Court by the parties as to the status of the bill of review proceeding
until this Court requested additional briefing to determine whether the setting
aside of the default judgment mooted this appeal so as to require its dismissal
or whether it should be abated. The Shows and Hughes Custom Homes both assert
that this restricted appeal is not moot. Hughes Custom Homes argues that
abatement would be appropriate if this court determines that it cannot proceed
at this time to consider the merits.
DISCUSSION
The Shows contend that this appeal is not
moot because the order granting the bill of review and setting aside the default
judgment is void. The Shows urge that the order is void because the trial
court's plenary power over the judgment expired prior to the filing of this
restricted appeal, by which Hughes Custom Homes claims to have invoked the
exclusive jurisdiction of this Court. Citing rule 29.5(f), the Shows reason that
the trial court thereafter had no power to interfere with this Court's
jurisdiction by setting aside the default judgment that is the subject of this
appeal. Tex. R. App. P. 29.5(f) (stating that a trial court must not make an
order that interferes with or impairs the jurisdiction of the appellate court).
We disagree. First, expiration of the
trial court's plenary power did not affect its jurisdiction to entertain a bill
of review. Rule 329b of the Texas Rules of Civil Procedure, establishing the
time frames of a trial court's plenary power over its judgments, specifically
contemplates that a bill of review is available only after a judgment is final,
providing in pertinent part that "[o]n expiration of the time within which
the trial court has plenary power, a judgment cannot be set aside by the trial
court except by bill of review for sufficient cause . . . ." Tex.
R. Civ. P. 329b(f) (emphasis added).
A bill of review is an independent,
separate suit filed under a different cause number but in the same court that
rendered the judgment. In re Lambert, 993 S.W.2d 123, 131 & n.4
(Tex. App.--San Antonio 1999, orig. proceeding); but see Caldwell v. Barnes,
975 S.W.2d 535, 537 (Tex. 1998) (treating declaratory judgment action filed in
different court, seeking to have default judgment declared invalid, as bill of
review); In re K.M.S., 68 S.W.3d 61, 66-67 (Tex. App.-- Dallas 2001)
(treating petition for bill of review filed in same cause as original judgment
treated as independent action), pet. denied, 91 S.W.3d 331 (Tex. 2001)
(per curiam). As an independent suit, a bill of review is available only after
expiration of a trial court's plenary power. Elliott v. Elliott, 21
S.W.3d 913, 916 (Tex. App.--Fort Worth 2000, pet. denied); In re Moreno,
4 S.W.3d 278, 281 (Tex. App.--Houston [14th Dist.] 1999, orig.
proceeding); Villalba v. Fashing, 951 S.W.2d 485, 489 (Tex. App.--El
Paso 1997, original proceeding). Thus, that the trial court no longer possessed
plenary power to set aside the default judgment in no way deprived it of
jurisdiction to set aside the judgment in the bill of review proceeding.
Second, we generally agree that the filing
of a notice of appeal vests an appellate court with jurisdiction and causes the
trial court to lose jurisdiction, but with certain exceptions. Tex. R. App. P.
25.1 (stating filing of notice of appeal invokes appellate jurisdiction over all
parties to judgment); see Robertson v. Ranger Ins. Co., 689 S.W.2d 209,
210 (Tex. 1985). We disagree, however, that rule 25.1 or rule 29.5(f) vests
"exclusive" jurisdiction in the appellate court. Neither rule so
provides, and the latter rule applies only to interlocutory appeals. No other
appellate rule or case law precludes a trial court from exercising jurisdiction
in a separate bill of review proceeding while a restricted appeal is pending
from the original judgment.(4)
To the contrary, we agree with Hughes
Custom Homes that pendency of a restricted appeal does not preclude pursuit of a
bill of review in the trial court simultaneously when the matters raised in the
bill of review proceeding are not apparent on the face of the record and thus
could not be addressed in the restricted appeal. See, e.g., Tri-Steel
Structures, Inc. v. Hackman, 883 S.W.2d 391, 395, n.2 (Tex. App.--Fort
Worth 1994, writ denied) (holding, under former rules of appellate procedure,
that party may seek bill of review while simultaneously pursuing appeal by writ
of error); American Motorists Ins. Co. v. Box, 531 S.W.2d 407, 408
(Tex. Civ. App.--Tyler 1975, no writ) (stating both methods of attack may be
simultaneously pursued where matters raised in each method differ) (citing 4
McDonald, Texas Civil Practice § 18.25 (1971)); First Nat'l Bank of Fort
Worth v. Kelley, 278 S.W.2d 350, 351 (Tex. Civ. App.--Eastland 1955, orig.
proceeding); Smith v. Rogers, 129 S.W.2d 776, 777 (Tex. Civ.
App.--Galveston 1939, orig. proceeding) (refusing writ of prohibition seeking to
prevent trial judge from proceeding with bill of review while appeal by writ of
error pending).(5)
Hughes Custom Homes asserts that the
reason the appeal is not moot is because the order granting the bill of review
and setting aside the default judgment is not a final judgment. Additionally,
Hughes Custom Homes argues that a justiciable controversy continues to exist as
to the legal grounds presented in this restricted appeal because the order
setting aside the default judgment is on different grounds than asserted here.
Again, we agree with Hughes Custom Homes.
The mootness doctrine requires an actual
justiciable controversy that is definite and concrete and that impacts the legal
relations of the parties having adverse legal interests. Fed. Deposit Ins.
Corp. v. Nueces Co., 886 S.W.2d 766, 767 (Tex. 1994); City of Fort
Worth v. Pastusek Ind. Inc., 48 S.W.3d 366, 371 (Tex. App.--Fort Worth
2001, no pet.); In re Salgado, 53 S.W.3d 752, 757 (Tex. App.--El Paso
2001, orig. proceeding). Despite the setting aside of the default judgment,
Hughes Custom Homes' issues in this appeal impact the legal relations of the
parties and remain justiciable. After the merits of the case have been
determined and a final judgment is rendered in the bill of review proceeding in
the trial court, the Shows may seek review of the order granting the bill of
review and setting aside the default judgment by an appeal from the final
judgment. In re Moreno, 4 S.W.3d 278, 281 (Tex. App.--Houston [14th
Dist.] 1999, orig. proceeding) (holding interlocutory order granting bill of
review not reviewable by mandamus because adequate remedy exists by appeal after
final judgment); Tex. Mex. Ry. Co. v. Hunter, 726 S.W.2d 616, 617-18
(Tex. App.--Corpus Christi 1987, orig. proceeding). If this Court were to hold
that the order granting the bill of review and setting aside the default
judgment on the grounds asserted in that proceeding should be reversed, then the
issues raised by Hughes Custom Homes in this appeal would remain cognizable as
independent grounds for setting aside the default judgment. Therefore, we agree
that the issues raised on this appeal are not moot. Until such time as the bill
of review proceeding results either in a judgment that is appealed or in a
final, unappealable judgment, the grounds asserted for setting aside the default
judgment in this appeal remain concrete and justiciable issues.
On the other hand, it is elementary that
an appeal may only be taken from a final judgment, unless allowed by statute. Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). Not only is there no
final judgment now, but the judgment appealed from no longer exists at all. It
has been vacated. Therefore, we believe that the appeal must be abated until
such time as a final judgment is rendered in the bill of review proceeding and
either appealed or allowed to become final and unappealable. See Tex.
R. App. P. 27.3 (allowing appellate court to treat appeal from judgment that is
modified or vacated pending the appeal to be treated as appeal from subsequent
judgment); Newman v. Obersteller, 915 S.W.2d 198, 199 (Tex.
App.--Corpus Christi 1996, no writ) (holding premature appeal could be abated
and considered after appealable order was entered).
CONCLUSION
Accordingly, we abate this restricted
appeal. No further action will be taken in this restricted appeal until this
court (1) receives written notice from any party that a final judgment has been
rendered on the merits in the bill of review proceeding, styled Robert and
Jackie Shows v. Lee A. Hughes Custom Homes, Inc. d/b/a Maverick Homes,
Cause No. 017-191275-02, pending in the 17th District Court of
Tarrant County, Texas, and (2) the bill of review judgment has either been
appealed, in which event we will reinstate this appeal and consolidate both
appeals, or until the bill of review judgment is allowed to become a final
unappealable judgment, in which event we will reinstate and then dismiss this
appeal as moot.
 
                                                                       
ANNE GARDNER
                                                                       
JUSTICE
 
PANEL B: DAUPHINOT, HOLMAN, and GARDNER,
JJ.
DELIVERED: May 29, 2003

1. See Tex. R. App. P. 47.4.
2. The four elements of a restricted appeal, formerly
termed an appeal by writ of error, are: (1) the notice of appeal must be filed
within six months after the judgment was signed (2) by a party to the lawsuit
(3) who did not participate in the hearing that resulted in the judgment and did
not timely file a post-judgment motion, and (4) error must be apparent on the
face of the record. Tex. R. App. P. 30; Stubbs v. Stubbs, 685 S.W.2d
643, 644 (Tex. 1985). The parties contest only the fourth requirement in this
restricted appeal.
3. We take judicial notice of the documents filed in the
trial court in the bill of review proceeding in Cause No. 17-191275-02, as
reflected in the record on file in the Shows' petition for writ of prohibition
filed in this Court, styled In re Robert and Jackie Shows, No.
2-02-213-CV. Tex. Real Estate Comm'n v. Nagle, 767 S.W.2d 691, 694
(Tex. 1989) (op. on reh'g) (holding court may take judicial notice of its own
records and judgments); Bynog v. Prater, 60 S.W.3d 310, 310 n.1 (Tex.
App.--Eastland 2001, pet. denied) (holding court may take judicial notice of its
own records between the same parties involving the same subject matter); Trevino
v. Pemberton, 918 S.W.2d 102, 103 n.2 (Tex. App.--Amarillo 1996, orig.
proceeding) (holding appellate court may judicially notice its own records in
same or related proceeding involving the same or nearly the same parties).
4. Cases requiring dismissal of a bill of review because
of the pendency of an appeal have involved default judgments that were
interlocutory or pending on direct appeal. See, e.g., Stein v. Lewisville
I.S.D., 496 S.W.2d 737, 739 (Tex. Civ. App.--Fort Worth 1973, orig.
proceeding) (holding that trial court had discretion to dismiss or abate bill of
review pending direct appeal); see also Taj Mahal, Inc. v. Al-Wardi,
885 S.W.2d 562, 563 (Tex. App.--San Antonio 1994, no writ) (holding lack of
finality of original judgment does not deprive trial court of jurisdiction over
bill of review, although it renders bill of review proceedings premature); Legrand
v. Niagra Fire Ins. Co., 743 S.W.2d 241, 242-43 (Tex. App.--Tyler 1987, no
writ) (op. on reh'g) (holding lack of finality required dismissal of bill of
review, but did not deprive trial court of jurisdiction). Unlike the judgments
complained of in those cases, the default judgment here was final at the time
the bill of review was filed.
5. We deny the Shows' request in their letter briefs that
we vacate the order of the trial court. This is the identical relief that they
previously sought in their motion for rehearing of their petition for writ of
prohibition, which we denied. We decline to revisit that ruling for the reasons
discussed and based on the authorities listed above. Additionally, the request
is tantamount to a second motion for rehearing of their petition for writ of
prohibition, and is not properly before us.