Deborah BYNOG Appellant,

v.

William PRATER, M.D. and
Breckenridge Family Clinic,
P.A. Appellees.

No. 11–00–00373–CV.

Court of Appeals of Texas,
Eastland.

Oct. 18, 2001.

Michael T. Maher, Dallas, for appellant.

Cecil Kuhne, David Cobb, Crenshaw, Dupree & Milam, Lubbock, for appellees.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

WRIGHT, Justice.

The trial court dismissed appellant's lawsuit for want of prosecution. Because we hold that the trial court did not abuse its discretion when it dismissed appellant's lawsuit, we affirm the order of dismissal.

Appellant sued William Prater, M.D.; Dwight J. Nichols, M.D.; and Breckenridge Family Clinic, P.A., for damages allegedly sustained by her in connection with medical treatment.[1] The trial court cause number assigned to the lawsuit was 26,131.

---

1. We have obtained some of the history of this case from the clerk's record and file in Cause No. 11–98–00009–CV, an earlier appeal in this court. We may take judicial notice of our own records between the same parties involving the same subject matter. *Hanley v. Hanley,* 813 S.W.2d 511 (Tex.App.—Dallas 1991, no writ).

Dr. Prater and Dr. Nichols filed separate motions for summary judgment. On October 16, 1997, the trial court granted both of the motions and entered a take-nothing judgment on appellant's claims against the two doctors. On November 14, 1997, appellant filed a notice of appeal from those adverse summary rulings. The notice of appeal was filed in Cause No. 26,131. On November 18, 1997, the trial court severed appellant's claims against Dr. Prater. On December 3, 1997, the trial court also severed the claims against Dr. Nichols. The claims against the doctors were severed into Cause No. 26,131–A. The claims against the Clinic remained in Cause No. 26,131.

On May 20, 1999, in an unpublished opinion, we affirmed the summary judgment granted to Dr. Nichols, reversed the summary judgment granted to Dr. Prater, and remanded the claims against Dr. Prater to the trial court. The Texas Supreme Court refused a petition for review of that appeal, and this court's mandate was issued on February 4, 2000.

After remand, Dr. Prater and the Clinic filed a motion to dismiss for want of prosecution. The motion to dismiss was filed in Cause No. 26,131. The trial court conducted a hearing on that motion and granted it. However, during the hearing, the trial court noted that the motion to dismiss should actually be in Cause No. 26,131–A; and that is the cause in which the trial court entered the order of dismissal. On July 31, 2000, appellant filed a motion to reinstate in which she alleged that she had not received proper notice of the hearing on the motion to dismiss. The motion to reinstate was filed in Cause No. 26,131. On that same date, appellant filed a motion to substitute counsel in which she sought to have Michael T. Maher substituted for James D. Norvell. This motion was also filed in Cause No. 26,131–A. We have not been able to find an express ruling on either the motion to reinstate or the motion to substitute counsel.

Appellant filed a notice of appeal from the order of dismissal. The notice of appeal was again filed in Cause No. 26,131 rather than the cause in which the order of dismissal had been entered. Furthermore, the notice of appeal includes not only Dr. Prater but also Dr. Nichols and the Clinic. However, rather than dismiss this appeal for want of jurisdiction, we will treat the notice of appeal as being proper. See *Texas Instruments, Inc. v. Teletron Energy Management, Inc.*, 877 S.W.2d 276 (Tex.1994). Furthermore, under the peculiar procedural circumstances of these cases and in the interest of judicial economy, we will consider the notice of appeal as being effective regarding the claims against Dr. Prater as well as against the Clinic regardless of the cause numbers used by the parties.

■ Notwithstanding that she filed her motion to reinstate and motion to substitute counsel in the wrong cause number and also notwithstanding that she filed her last notice of appeal in the wrong cause number, appellant nevertheless asserts in her first issue on appeal that the trial court should not have granted the motion to dismiss and that it erred "by entering an order in one case in response to a motion made in another." At the hearing on the motion to reinstate, the trial court called Maher's attention to the fact that the motion to reinstate was filed in the wrong cause number. Maher responded to the court that:

I'm not sure what was severed from which, Your Honor, but I do know that there is case law that says a good faith effort to file in a case, even though it might should have been filed in a different case number when they've been sev-

ered like that, should be accepted. I don't have that case law with me.

It is clear from the actions of the parties that the purpose of the motion to dismiss was to obtain a dismissal of appellant's claims against Dr. Prater as well as the Clinic regardless of the number assigned to the motion. This would involve both cause numbers because, at the time of the filing of the motion to dismiss, the Clinic was the only defendant in Cause No. 26,-131 and Dr. Prater was the only defendant in Cause No. 26,131–A. In this case, no one would have been misled by the use of a wrong cause number. All parties were using various cause numbers but always referred to all of the parties who were then involved in either cause number. Following the guidance given to courts of appeals by the Supreme Court of Texas, we hold that a court of appeals should attend to substance over form. See *Texas Instruments, Incorporated v. Teletron Energy Management, Inc.*, supra; *Mueller v. Saravia*, 826 S.W.2d 608 (Tex.1992); *City of San Antonio v. Rodriguez*, 828 S.W.2d 417 (Tex.1992). The trial court did not err when it considered the motion to dismiss. Appellant's first issue on appeal is overruled.

▆▆▆ In her second issue on appeal, appellant alleges that she did not receive proper notice of the dismissal. Specifically, appellant claims that, to be effective, notice had to be given to James D. Norvell, who appellant claims was the "attorney in charge" at the time of the dismissal proceedings. Norvell's license to practice law was suspended at the time. We conduct a review of a dismissal for want of prosecution under an abuse of discretion standard. *3V, Inc. v. JTS Enterprises, Inc.*, 40 S.W.3d 533 (Tex.App.—Houston [14th Dist.] 2000, no pet'n). A trial court abuses its discretion when it acts without reference to any guiding rules and princi-

ples. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex.1985), *cert. den'd*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

TEX.R.CIV.P. 8 provides as follows:

On the occasion of a party's first appearance through counsel, the attorney whose signature first appears on the initial pleadings for any party shall be the attorney in charge, unless another attorney is specifically designated therein. Thereafter, until such designation is changed by written notice to the court and all other parties in accordance with Rule 21a, said attorney in charge shall be responsible for the suit as to such party.

The following appeared at the end of the initial pleading in this lawsuit:

RESPECTFULLY SUBMITTED,

NORVELL & ASSOCIATES

744   Hickory

Abilene, Texas 79601

(915)  676–1617

(915)  676–4421(FAX)

By: *(signature of James D. Norvell)*

JAMES D. NORVELL

At other times during the early history of this case, the signature line contained the signature of attorney Tom McIlhany rather than Norvell's signature.

Again, after the trial court entered the summary judgments, appellant prosecuted an appeal from those adverse judgments (the first appeal). Maher filed the notice of appeal on November 14, 1997, and he signed it as follows:

NORVELL & ASSOCIATES

744   Hickory Street

Abilene, TX 79601

(915)  676–1617

(915)  676–4421(Fax)

By: *(sig) Michael T. Maher*
MICHAEL T. MAHER
State Bar No. 12833600
ATTORNEY FOR PLAINTIFF

Maher signed various other documents which he filed in the first appeal in this court which were executed in similar fashion, with irrelevant differences. Those documents included a first request to include materials in the clerk's record, a second request to include materials in the clerk's record, a motion to extend time to file a brief in the court of appeals, two responses to motions to take judicial notice in the court of appeals, a response to a motion to file the reporter's record from the summary judgment hearing, a motion to exclude reporter's record from the appellate record, and many items of correspondence with the clerk of this court. Further, when Maher filed the docketing statement in the first appeal, he stated that appellant's counsel was Michael T. Maher and gave the same Abilene address. In this court, Maher checked out the record twice in the first appeal and, on each occasion, signed the receipt as attorney of record for appellant.

Maher also filed the brief for appellant in the first appeal. The cover page of the brief states his name and the same Abilene address, phone information, and State Bar Number. It also contains the notation: "Lead Counsel for Appellant." The brief is signed by Michael T. Maher, Attorney for Appellant. Page No. 2 of appellant's brief in the first appeal contains the following statement:

> Pursuant to Texas Rule of Appellate Procedure 74(a), the Plaintiff, Deborah Bynog, submits the names of the following people and entities, and represents that these are all of the parties to the lawsuit and their attorneys in charge:
> Deborah Bynog

P.O. Box 405
Coalgate, OK 74538
(405) 927–9917
Michael T. Maher
NORVELL & ASSOCIATES
744 Hickory Street
Abilene, TX 79601
(915) 676–1617
(915) 676–4421(Fax)

Two reply briefs contain essentially the same information as on the cover page of the original brief; the signature on each is the same as the original brief; and each states that Maher is attorney for appellant.

After this court issued its opinion in the first appeal, the clerk of this court mailed a copy of the opinion and judgment to Maher, among others. Counsel for Dr. Prater filed a petition for review with the Texas Supreme Court. After the petition was filed, Maher, as attorney for appellant, notified the court that appellant did not wish to respond to the petition. This letter contained Maher's Dallas address on the letterhead. Subsequently, the Clerk of the Texas Supreme Court notified Maher that the court wanted a response; he filed that response. On September 23, 1999, the Texas Supreme Court denied Dr. Prater's petition for review. This court issued its mandate on February 4, 2000.

On May 3, 2000, Dr. Prater and the Clinic filed a motion to dismiss. The supplemental clerk's record contains an affidavit submitted to the trial court at the hearing on the motion to dismiss. The supplemental clerk's record shows that a copy of the motion to dismiss was mailed to Maher at his Dallas address. The "green card" showing that Maher received the copy is attached to the affidavit.

On June 29, 2000, after a hearing, the trial court dismissed appellant's claims against Dr. Prater and the Clinic. On July 31, 2000, Maher filed, on behalf of appel-

lant, a motion to reinstate as well as a motion to substitute counsel. Maher subsequently filed a notice of appeal from the order of dismissal (the second appeal). Again, as in the first appeal, the notice of appeal in the second appeal names all of the original defendants; the notice of appeal is identical to the notice of appeal in the first appeal, including the wrong cause number. In the brief, Maher states that he is the lead counsel for appellant and gives his Dallas address and phone numbers. All documents and correspondence in this second appeal which have been filed by appellant are signed by Maher as appellant's attorney and give his Dallas address. Furthermore, he is shown on the docketing statement in the second appeal as attorney for appellant.

We hold that the spirit and the tenor of Rule 8 have been met in this case. No one other than Maher filed documents or appeared on behalf of appellant from at least November 14, 1997, to the current time, a period of almost four years. To allow appellant, under this record, to successfully claim that Maher was not her attorney of record during the period of the dismissal proceeding would be contrary to the intent and purpose of Rule 8. Further, if appellant's position were to be well taken, then Maher still is not the attorney in charge because appellant never obtained a ruling on her motion to substitute. We hold that notice was proper in this case and that Maher was the attorney in charge of appellant's case. Appellant has not shown that the trial court clearly abused its discretion. Also, because we have held that the notice to appellant was proper, her due process arguments under the Federal and State Constitutions are also without merit. Appellant's second issue on appeal is overruled.

Appellant's complaints in her third, fourth, and fifth issues on appeal relate to alleged errors of the trial court in connection with her motion to reinstate. At the conclusion of the September 21, 2000, hearing on appellant's motion to reinstate, the trial court advised Maher that he would have a week to furnish any authority he wished to submit in connection with the motion and that then the court would "rule on it." This record shows that appellant never obtained a ruling on her motion to reinstate, but instead, on September 27, 2000, chose to file a notice of appeal from the order of dismissal. Therefore, appellant has presented nothing for review concerning the motion to reinstate. See TEX. R.APP.P. 33.1(a)(2). Appellant claims that she has met the reinstatement provisions of TEX.R.CIV.P. 165a. Rule 165a applies to lawsuits which have been dismissed for failure to appear for a hearing or for a trial. Appellant's suit was not dismissed for failure to appear for a hearing or for a trial; it was dismissed for failure to prosecute her case. Therefore, Rule 165a does not apply. Appellant's third, fourth, and fifth issues on appeal are overruled.

The judgment of the trial court is affirmed.