Opinion filed March 25,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                           No. 11-08-00194-CV

                                                     __________

 

                             CALVIN
WAYNE COPELAND, Appellant

 

                                                             V.

 

                              MEDLINE
INDUSTRIES, INC., Appellee



 

                                   On
Appeal from the 106th District Court

 

                                                          Dawson
County, Texas

 

                                                Trial
Court Cause No. 07-05-17696

 



 

                                            M
E M O R A N D U M   O P I N I O N

Calvin
Wayne Copeland sued Medline Industries, Inc. for personal injury damages he
sustained when a walker it manufactured broke and he fell.  The trial court
dismissed Copeland’s suit for want of prosecution.  We modify the order to
reflect a dismissal without prejudice but otherwise affirm.




I.  Background Facts

Copeland
is an inmate in the Texas Department of Criminal Justice, Institutional
Division.  In 2004, prison officials prescribed for Copeland a limited-mobility
aluminum walker manufactured by Medline Industries.  Copeland sued Medline
Industries on May 9, 2007, claiming that he fell and injured himself when his
walker broke.  Copeland asserted negligence, products liability, and Texas
Deceptive Trade Practices Act[1] (DTPA)
claims. On May 29, Medline filed a motion to abate, claiming that Copeland had not
complied with the DTPA’s notice requirement.[2] 
Copeland filed a response but, because of his imprisonment, was unable to attend
the abatement hearing.  The trial court granted Medline’s motion to abate on
August 6, 2007, and it directed Copeland to comply with Section 17.505, to stop
communicating directly with Medline and to forward all future communications to
Medline’s counsel.   

            On
February 15, 2008, Medline filed a motion to dismiss with prejudice,
maintaining that Copeland had not provided the notice required by Section
17.505.  Copeland responded on March 17, claiming that he had provided written
notice by letter and oral notice to Medline’s agent.  The trial court held a
hearing and then dismissed Copeland’s claims with prejudice on April 23, 2008,
finding that he had made no effort to comply with Section 17.505.

            Copeland
filed a motion to reinstate.  Copeland requested a hearing, and he provided
copies of two letters he claimed satisfied Section 17.505’s requirement.  The
first was dated March 25, 2007, and the second was dated November 20, 2007.  The
trial court denied Copeland’s motion to reinstate on June 11, 2008, without a
hearing.

II. 
Issues

Copeland
challenges the trial court’s order of dismissal with four issues.  Copeland contends
that the trial court erred by dismissing his suit for want of prosecution, by dismissing
his suit with prejudice, by denying his motion to reinstate with verification,
and by not conducting an oral hearing before denying Copeland’s motion to
reinstate.




III. 
Discussion

A.
 Dismissal for Want of Prosecution.

Copeland
first argues that the trial court erred when it dismissed his suit for want of
prosecution.  We review the trial court’s order for an abuse of discretion.  City
of Houston v. Malone, 828 S.W.2d 567, 568 (Tex. App.—Houston [14th Dist.]
1992, no writ).  A trial court abuses its discretion if it acts without
reference to any guiding rules or principles or acts in an arbitrary or
unreasonable manner.  Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241-42 (Tex. 1985).

A
court may dismiss a case for want of prosecution under either Tex. R. Civ. P. 165a or its common-law
inherent authority.  Alexander v. Lynda’s Boutique, 134 S.W.3d 845, 850
(Tex.  2004).  Under Rule 165a, a trial court may dismiss when any party
seeking affirmative relief fails to appear at a hearing or at trial or if the
case has not been disposed of within the time standards established by the
Texas Supreme Court.  Rule 165a(1), (2).  Additionally, a trial court has the
inherent power to manage its docket and may dismiss a claim when the plaintiff
fails to diligently prosecute his case.  Villarreal v. San Antonio Truck
& Equip., 994 S.W.2d 628, 630 (Tex. 1999).  

In
determining whether a party has demonstrated a lack of diligence in prosecuting
a claim, a trial court may consider the entire history of the case, including
the length of time the case was on file, the extent of the activity in the
case, whether a trial setting was requested, and the existence of reasonable
excuses for delay.  Jimenez v. Transwestern Prop. Co., 999 S.W.2d 125, 129
(Tex. App.—Houston [14th Dist.] 1999, no pet.).  No single factor is
dispositive, and a belated trial setting or stated readiness to proceed to
trial does not establish diligence.  Id.  

The
DTPA requires a plaintiff to send written notice to the defendant at least
sixty days prior to filing suit asserting in reasonable detail the specific
complaint and the amount of economic damages, mental anguish damages, and
expenses incurred.  Section 17.505.  Copeland argued in response to Medline’s
motion to abate that he sent a notice letter on March 25, 2007, but he provided
the trial court with no evidence of this.  Nor did Copeland provide any
evidence of a notice letter in response to Medline’s motion to dismiss. 
Because Copeland failed to provide the trial court 
with any evidence of a notice letter, the trial court did not abuse its
discretion when it dismissed his claims.  Copeland’s first issue is overruled.

            B.  Motion to
Reinstate. 

Copeland
next argues that the trial court abused its discretion by denying his motion to
reinstate.  Contemporaneously with his motion, Copeland filed copies of two
letters he contended were sufficient to satisfy Section 17.505.  The first
letter was dated prior to filing suit, and the second was tendered as
Copeland’s response to the trial court’s abatement order.  Despite the trial
court’s directive to send all future correspondence to Medline’s counsel,
Copeland contended that he mailed this second letter directly to Medline. 
Copeland did not, however, provide the trial court with any indication of to
whom he directed the letters or with the address he addressed them to.  The
first was merely addressed:  “To Whom It May Concern,” and the second was
addressed:  “To this Most Honorable Agency.”  The first letter did not quantify
his damages.  In the second letter, he claimed $5,000 in damages for past and
future pain and suffering, and he described a common-law products liability
claim.  He made a global reference to the DTPA, but he did not describe how
Medline violated it.  

Because
Copeland made no attempt to comply with the trial court’s directive to
communicate through counsel, because he failed to offer the trial court
evidence that he actually furnished the statutorily required notice to Medline,
and because the letters are insufficient to satisfy Section 17.505, the
trial court did not abuse its discretion by denying his motion to reinstate. 
Issue Three is overruled.

C. 
Oral Hearing.

Copeland
claims that Rule 165a(3) requires a trial court to hold an oral hearing on any
motion to reinstate and that the trial court’s failure to do so in this case
constituted reversible error.  The Supreme Court held in Gulf Coast
Investment Corp. v. NASA 1 Business Center that an oral hearing is
mandatory for cases dismissed under Rule 165a.  Gulf Coast Inv. Corp v. NASA
1 Bus. Ctr., 754 S.W.2d 152, 153 (Tex. 1988).  Rule 165a applies to
lawsuits dismissed for failure to appear for a hearing or for a trial.  Bynog
v. Prater, 60 S.W.3d 310, 314 (Tex. App.—Eastland 2001, pet. denied). A
mandatory hearing is not required if the case was dismissed for failure to
prosecute. Id.

The
trial court dismissed Copeland’s case for want of prosecution.  Consequently, a
hearing was not required, and the trial court did not abuse its discretion by
acting without one.  Copeland’s fourth issue is overruled.

D. 
Dismissal with Prejudice.

Copeland’s
final argument is that the trial court erred when it dismissed his suit with
prejudice.  We agree.  A dismissal for want of prosecution is not a
determination on the merits; therefore, it is improper for a trial court to
dismiss with prejudice.  Maldonado v. Puente, 694 S.W.2d 86, 92 (Tex.
App.—San Antonio 1985, no writ).  The proper remedy is for this court to modify
the order by substituting the words “without prejudice” in place of “with prejudice.”
 Light v Womack, 113 S.W.3d 872, 874 (Tex. App.—Beaumont 2003, no
pet.).  Copeland’s second issue is sustained.     

IV.
Conclusion

We
modify the order to reflect dismissal without prejudice.  As modified, the order is affirmed.   

                                                            

            

                                                                                    RICK
STRANGE

                                                                                    JUSTICE

 

March 25, 2010

Panel consists of:  Wright, C.J., 

McCall, J., and Strange, J.









[1]See Tex. Bus. & Com. Code Ann.
§§ 17.41-.63 (Vernon 2002 & Supp. 2009).

 





[2]See Section 17.505.