**Opinion filed March 25, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-08-00194-CV
_____

### CALVIN WAYNE COPELAND, Appellant

### V.

### MEDLINE INDUSTRIES, INC., Appellee

**On Appeal from the 106th District Court**

**Dawson County, Texas**

**Trial Court Cause No. 07-05-17696**

### M E M O R A N D U M   O P I N I O N

Calvin Wayne Copeland sued Medline Industries, Inc. for personal injury damages he sustained when a walker it manufactured broke and he fell. The trial court dismissed Copeland's suit for want of prosecution. We modify the order to reflect a dismissal without prejudice but otherwise affirm.

## I. *Background Facts*

Copeland is an inmate in the Texas Department of Criminal Justice, Institutional Division. In 2004, prison officials prescribed for Copeland a limited-mobility aluminum walker manufactured by Medline Industries. Copeland sued Medline Industries on May 9, 2007, claiming that he fell and injured himself when his walker broke. Copeland asserted negligence, products liability, and Texas Deceptive Trade Practices Act[1] (DTPA) claims. On May 29, Medline filed a motion to abate, claiming that Copeland had not complied with the DTPA's notice requirement.[2] Copeland filed a response but, because of his imprisonment, was unable to attend the abatement hearing. The trial court granted Medline's motion to abate on August 6, 2007, and it directed Copeland to comply with Section 17.505, to stop communicating directly with Medline and to forward all future communications to Medline's counsel.

On February 15, 2008, Medline filed a motion to dismiss with prejudice, maintaining that Copeland had not provided the notice required by Section 17.505. Copeland responded on March 17, claiming that he had provided written notice by letter and oral notice to Medline's agent. The trial court held a hearing and then dismissed Copeland's claims with prejudice on April 23, 2008, finding that he had made no effort to comply with Section 17.505.

Copeland filed a motion to reinstate. Copeland requested a hearing, and he provided copies of two letters he claimed satisfied Section 17.505's requirement. The first was dated March 25, 2007, and the second was dated November 20, 2007. The trial court denied Copeland's motion to reinstate on June 11, 2008, without a hearing.

## II. *Issues*

Copeland challenges the trial court's order of dismissal with four issues. Copeland contends that the trial court erred by dismissing his suit for want of prosecution, by dismissing his suit with prejudice, by denying his motion to reinstate with verification, and by not conducting an oral hearing before denying Copeland's motion to reinstate.

---

[1]*See* TEX. BUS. & COM. CODE Ann. §§ 17.41-.63 (Vernon 2002 & Supp. 2009).

[2]*See* Section 17.505.

2

III. *Discussion*

A. *Dismissal for Want of Prosecution.*

Copeland first argues that the trial court erred when it dismissed his suit for want of prosecution. We review the trial court's order for an abuse of discretion. *City of Houston v. Malone*, 828 S.W.2d 567, 568 (Tex. App.—Houston [14th Dist.] 1992, no writ). A trial court abuses its discretion if it acts without reference to any guiding rules or principles or acts in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

A court may dismiss a case for want of prosecution under either TEX. R. CIV. P. 165a or its common-law inherent authority. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 850 (Tex. 2004). Under Rule 165a, a trial court may dismiss when any party seeking affirmative relief fails to appear at a hearing or at trial or if the case has not been disposed of within the time standards established by the Texas Supreme Court. Rule 165a(1), (2). Additionally, a trial court has the inherent power to manage its docket and may dismiss a claim when the plaintiff fails to diligently prosecute his case. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999).

In determining whether a party has demonstrated a lack of diligence in prosecuting a claim, a trial court may consider the entire history of the case, including the length of time the case was on file, the extent of the activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay. *Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 129 (Tex. App.—Houston [14th Dist.] 1999, no pet.). No single factor is dispositive, and a belated trial setting or stated readiness to proceed to trial does not establish diligence. *Id*.

The DTPA requires a plaintiff to send written notice to the defendant at least sixty days prior to filing suit asserting in reasonable detail the specific complaint and the amount of economic damages, mental anguish damages, and expenses incurred. Section 17.505. Copeland argued in response to Medline's motion to abate that he sent a notice letter on March 25, 2007, but he provided the trial court with no evidence of this. Nor did Copeland provide any evidence of a notice letter in response to Medline's motion to dismiss. Because Copeland failed to provide the trial court

3

with any evidence of a notice letter, the trial court did not abuse its discretion when it dismissed his claims. Copeland's first issue is overruled.

### B. Motion to Reinstate.

Copeland next argues that the trial court abused its discretion by denying his motion to reinstate. Contemporaneously with his motion, Copeland filed copies of two letters he contended were sufficient to satisfy Section 17.505. The first letter was dated prior to filing suit, and the second was tendered as Copeland's response to the trial court's abatement order. Despite the trial court's directive to send all future correspondence to Medline's counsel, Copeland contended that he mailed this second letter directly to Medline. Copeland did not, however, provide the trial court with any indication of to whom he directed the letters or with the address he addressed them to. The first was merely addressed: "To Whom It May Concern," and the second was addressed: "To this Most Honorable Agency." The first letter did not quantify his damages. In the second letter, he claimed $5,000 in damages for past and future pain and suffering, and he described a common-law products liability claim. He made a global reference to the DTPA, but he did not describe how Medline violated it.

Because Copeland made no attempt to comply with the trial court's directive to communicate through counsel, because he failed to offer the trial court evidence that he actually furnished the statutorily required notice to Medline, and because the letters are insufficient to satisfy Section 17.505, the trial court did not abuse its discretion by denying his motion to reinstate. Issue Three is overruled.

### C. Oral Hearing.

Copeland claims that Rule 165a(3) requires a trial court to hold an oral hearing on any motion to reinstate and that the trial court's failure to do so in this case constituted reversible error. The Supreme Court held in *Gulf Coast Investment Corp. v. NASA 1 Business Center* that an oral hearing is mandatory for cases dismissed under Rule 165a. *Gulf Coast Inv. Corp v. NASA 1 Bus. Ctr.*, 754 S.W.2d 152, 153 (Tex. 1988). Rule 165a applies to lawsuits dismissed for failure to appear for a hearing or for a trial. *Bynog v. Prater*, 60 S.W.3d 310, 314 (Tex. App.—Eastland 2001, pet. denied). A mandatory hearing is not required if the case was dismissed for failure to prosecute. *Id.*

4

The trial court dismissed Copeland's case for want of prosecution. Consequently, a hearing was not required, and the trial court did not abuse its discretion by acting without one. Copeland's fourth issue is overruled.

*D. Dismissal with Prejudice*.

Copeland's final argument is that the trial court erred when it dismissed his suit with prejudice. We agree. A dismissal for want of prosecution is not a determination on the merits; therefore, it is improper for a trial court to dismiss with prejudice. *Maldonado v. Puente*, 694 S.W.2d 86, 92 (Tex. App.—San Antonio 1985, no writ). The proper remedy is for this court to modify the order by substituting the words "without prejudice" in place of "with prejudice." *Light v Womack*, 113 S.W.3d 872, 874 (Tex. App.—Beaumont 2003, no pet.). Copeland's second issue is sustained.

## IV. *Conclusion*

We modify the order to reflect dismissal without prejudice. As modified, the order is affirmed.

RICK STRANGE

JUSTICE

March 25, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

5