

# NUMBER 13-19-00011-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF Z.K.S., A CHILD

On appeal from the 105th District Court
of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Tijerina
Memorandum Opinion by Justice Hinojosa**

Appellant K.S. (mother) appeals an order in a suit affecting the parent-child relationship awarding B.A.S. (father) "week on/week off" possession of their minor child Z.K.S.[1] By three related issues, which we treat as one, mother argues the trial court erred because the possession order contravenes the jury's finding that mother should have the right to designate the primary residence for Z.K.S. anywhere within the State of

---

[1] We refer to the parties and their minor child by initials or aliases to protect their privacy. *See* TEX. FAM. CODE ANN. § 109.002(d).

Texas and the possession order is not in the child's best interest. We reverse and remand.

## I. BACKGROUND

Z.K.S. was born to father and mother who were not married. When Z.K.S. was almost two months old, father filed a petition requesting that he be named as a joint managing conservator with the exclusive right to designate the primary residence for Z.K.S. Father further requested equal possession of Z.K.S. Mother filed a counterpetition seeking the exclusive right to designate Z.K.S.'s primary residence within Mecklenburg County, North Carolina or, in the alternative, those counties contiguous to Nueces County and the cities of San Antonio, Austin, Houston, and Dallas.

The parties' competing claims were tried to a jury, which found that mother should have the exclusive right to designate the primary residence of Z.K.S. with a geographic restriction "within the State of Texas." A bench trial was then held to determine possession of and access to Z.K.S., who was then eighteen months old. At the conclusion of the hearing, the trial court issued an oral possession order providing father with "week on/week off" possession of Z.K.S. At that time, mother and father lived 240 miles apart—father in Corpus Christi, Texas and mother in Spring, Texas. At mother's request, the trial court issued the following written findings of fact in support of its oral ruling:

> 4. The Court considered the circumstances for possession of the child who is less than three years old. The Court considered all relevant evidence presented on all relevant facts and finds that the periods of possession by the father should vary from the Standard Possession Order for the following reasons, including but not limited to:

2

a.	At the time of [the jury] trial both parties lived in Nueces county.

b.	The father had frequent contact with the child from the birth of the child and he and his family provided a major amount of child care before and during the suit.

c.	From the child's birth the child had frequent and loving periods of possession of and access by the father and the father's extended family.

d.	The father and his family are available all day as caretakers and are willing to personally take care for the child during the father's periods of possession. No non-family child care need be employed in Corpus Christi.

e.	The physical and medical condition of the child was a major concern to the father from the time of the child's birth since the child did not gain weight normally. The mother insisted on only breast milk for the child although at one time in the child's very young life he was at 2% of the weight of most children his age.

f.	It is in the best interest of the child that his father continues to have frequent extended possession of and access to the child in order to continue a healthy attachment and bond with the child.

g.	Shortly after trial the mother moved the child's residence to Spring, Texas, 241 miles from the father's residence, travel time 4.5–5 hours one way.

h.	It is in the best interest of the child that he have longer periods of possession of and access to his father and extended family than those of the standard possession order until the child is old enough to attend kindergarten.

i.	The only extended family that the child has in Texas is his paternal family who loves the child very much and has had extensive time with the child. It is in the child's best interest to continue this relationship.

j.	Ordering a standard possession order for this child would be extremely detrimental to the development of the child since it

3

would remove the child's father from his life much of the time.

    k.    The father's circumstances provide continuity and stability for the child in that the father is purchasing his home and is engaged to be married.

4.[2]    The following factors were considered in rendering the possession order for [Z.K.S.], who is less than three years of age:

    a.    It is in the best interest of the child that he have continuing contact with both parents.

    b.    The Court considered all the relevant factors stated at § 153.254 of the Texas Family Code in determining the circumstances for possession of the child who is less than three years of age.

    c.    The standard possession order is inappropriate and unworkable under the circumstances considering the distance between the residence of the parents, a one-way 4.5–5 hour drive, the circumstances of the parents and of the child during the pendency of the case, and all other relevant factors.

    d.    With a standard possession order, the child would be in day care for 7 to 10 hours per day, 5 days per week and 20 days of the month while with his mother. Whereas under the order from this Court, the child will be in day care only when in possession of his mother, about 10 days per month. When the child is with his father, he will be supervised by his father or the father's extended family, which is in the child's best interest.

    e.    It is better for the child to be with his parent or the child's extended family than with strangers at a day care facility.

    f.    With the standard possession order the father would have less than 48 hours of possession of the child per weekend including at least 9 to 10 hours of transportation time for the child. Such separation from the father is not in the best interest of the child and is not in accordance with the public policy of the State of Texas, § 153.001 of the Texas Family Code. So little time with his father would be extremely

---

[2] There are multiple sections of the findings of fact enumerated as section 4.

detrimental to the child and the child's emotional development.

Mother filed a petition for writ of mandamus with this Court, seeking relief from the trial court's oral ruling.[3]   *See In re K.S.*, No. 13-18-00549-CV, 2018 WL 6217573 (Tex. App.—Corpus Christi–Edinburg Nov. 28, 2018, orig. proceeding) (mem. op.).   We denied relief for the following reasons:   the mandamus record was incomplete; the demand and refusal requirement was not met; and the oral ruling at issue was not specific, certain, and final.   *Id*. at *2.   We also noted that on the record before us at the time, mother had not established that the trial court abused its discretion.   *Id*.

Subsequently, the trial court signed a final order appointing mother and father as joint managing conservators of Z.K.S. with mother having the exclusive right to designate the primary residence of Z.K.S. within the State of Texas.   The trial court's order provided the following with respect to possession:   "until [Z.K.S.] reaches five years of age and starts attending kindergarten (August 2022), [father] shall have possession and access to [Z.K.S.] as follows: . . . Regular Week-on/week-off possession[.]"   The parties were to alternate possession every Saturday at 3:00 p.m. at a location half-way between the parties' respective residences.   The trial court ordered that father's possession period would be governed by a standard possession order beginning in August 2022.

Mother filed the instant appeal accompanied by a motion to stay the trial court's possession order, contending that the trial court violated § 105.002 of the family code

---

[3] We take judicial notice of the record filed in the mandamus proceeding.   *See Bynog v. Prater*, 60 S.W.3d 310, 310 n.1 (Tex. App.—Eastland 2001, pet. denied); *In re J.G.W.*, 54 S.W.3d 826, 833 (Tex. App.—Texarkana 2001, no pet.) ("An appellate court may take judicial notice of its own records in the same or related proceeding involving the same or nearly the same parties."); *Trevino v. Pemberton*, 918 S.W.2d 102, 103 n.2 (Tex. App.—Amarillo 1996, orig. proceeding); *Muller v. Leyendecker*, 697 S.W.2d 668, 675 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.).

because its order contravened the jury's findings that mother should have the exclusive right to designate the primary residence of Z.K.S. within the State of Texas. *See* TEX. FAM. CODE ANN. § 105.002(c)(1)(D), (E). We granted mother's motion and issued an order suspending enforcement of the trial court's possession order, pending final resolution of the appeal. We further abated the appeal and remanded the case to the trial court to consider any necessary temporary possession orders. Following a hearing, the trial court issued a temporary order pending appeal which ordered "alternating 14-day periods of possession[.]" The order provided that the parties would exchange possession of Z.K.S. at a location half-way between the parties' respective residences. We have since reinstated the case, and we now proceed to address the merits of mother's appeal.

## II. DISCUSSION

Mother argues that the trial court's possession order awarding father "week on/week off" periods of possession contravenes the jury's finding that mother should have the exclusive right to designate Z.K.S.'s primary residence within the State of Texas. She also contends that the trial court abused its discretion because its possession order was not in the best interest of Z.K.S. Father responds that mother's argument "confus[es] the exclusive right to establish the primary residence of the child with an order for possession and access[, which] are two different things." Father further argues that mother has not challenged the trial court's findings of fact which support its determination that equal possession for both parents was in Z.K.S.'s best interest.

6

**A.    Contravention of Jury Verdict**

**1.    Applicable Law**

The Texas Constitution guarantees that the right to a trial by jury "shall remain inviolate." TEX. CONST. art. I, § 15.   Section 105.002 of the family code provides that, with exceptions inapplicable here, a party may demand a jury trial in a suit affecting the parent-child relationship.   TEX. FAM. CODE ANN. § 105.002(a), (b).   A party is "entitled to a verdict by the jury and the court may not contravene a jury verdict" on the issues of conservatorship, which joint managing conservator has the exclusive right to designate the primary residence of the child, and any geographic restrictions.   *Id*. § 105.002(c)(1); *see Lenz v. Lenz*, 79 S.W.3d 10, 20 (Tex. 2002) ("[T]he Legislature specifically included primary residence on the list of issues for which a jury's verdict is binding."); *In re Reiter*, 404 S.W.3d 607, 610 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding) ("The purpose of enacting [§] 105.002 was to distinguish binding jury findings from advisory ones.").

Once a jury decides the foundational issues such as conservatorship and the right to establish primary residence, the trial court determines the attendant terms and conditions.   *See In re Reiter*, 404 S.W.3d at 611; *see also In re Webb-Goetz*, No. 01-19-00139-CV, 2019 WL 3293697, at *2 (Tex. App.—Houston [1st Dist.] July 23, 2019, no pet.) (mem. op.).   A trial court "may not submit to the jury" questions on the issue of "a specific term or condition of possession of or access to the child[.]"   TEX. FAM. CODE ANN. § 105.002(c)(2)(B); *see In re Reiter*, 404 S.W.3d at 611.

**2.      Analysis**

Mother relies principally on *Albrecht v. Albrecht*, 974 S.W.2d 262, 266 (Tex. App.—San Antonio 1998, no pet.).   Father in turn relies on *In re W.B.B.*, No. 05-17-00384-CV, 2018 WL 3434588 (Tex. App.—Dallas July 17, 2018, no pet.) (mem. op.).   Both cases examine whether the trial court's equal time possession order contravened the jury's finding that one parent should have the right to designate the child's primary residence.

In *Albrecht*, a jury found that the father should have the right to designate his child's primary residence.   974 S.W.2d at 264.   The divorce decree granted the father the "exclusive right to establish the primary physical residence of the child."   *Id*. at 265.   However, the trial court awarded possession of the child to the father only from June 1 to December 1 each year.   *Id*. at 264.   It awarded possession to the mother from December 1 to June 1.   *Id*.   The San Antonio Court of Appeals noted that "[e]qual time between parents is neither recommended or prohibited [by the family code]."   *Id*. at 265 (citing TEX. FAM. CODE ANN. § 153.135).   Nevertheless, it concluded that the trial court's possession order impermissibly contravened the jury's finding that the father should have the right to establish the child's primary residence because the order effectively established two primary residences for the child.[4]   *Id*.   The court explained that "[u]nder these circumstances, [the father] cannot effectively serve as his son's primary care-giver[.]"   *Id*.   Therefore, the court reversed the trial court's order.   *Id*. at 266–67.

---

[4] The court also concluded that the possession order was not in the best interest of the child, citing various reasons, which we discuss later in this memorandum opinion.  *Albrecht v. Albrecht*, 974 S.W.2d 262, 265–66 (Tex. App.—San Antonio 1998, no pet.).

8

In *In re W.B.B.*, the jury found that the father should have the right to designate his child's primary residence within the continental United States. 2018 WL 3434588, at *1. The trial court then ordered a week on/week off possession schedule. *Id*. The father appealed, arguing that the trial court's possession order contravened the jury's verdict. *Id*. at *3. The Dallas Court of Appeals disagreed, explaining that "[t]here is simply no requirement in the Family Code that one joint managing conservator be given more time of possession of a child because of any particular jury finding." *Id*. The court further disagreed that the trial court's order contravened the jury's finding that the father should be able to designate the primary residence anywhere within the continental United States, although it did not elaborate on its conclusion in this regard. *Id*. at *4.

If this Court were to adopt the rationale in *In re W.B.B.*, it is difficult to imagine any circumstance under which a possession order would contravene a jury's determination regarding primary residence and geographic restriction. We do not believe that such an approach sufficiently protects the constitutional and statutory rights to a jury trial on such issues. *See* TEX. CONST. art. I, § 15; TEX. FAM. CODE ANN. § 105.002(a), (b). Rather, we are persuaded by *Albrecht*'s reasoned approach and conclude that its facts are sufficiently analogous to the present appeal.

Here, the jury found that mother should have the right to establish a primary residence anywhere within the State of Texas, but the trial court awarded father "week on/week off" possession. An equal time possession order is not expressly forbidden by the family code nor is it required. *See* TEX. FAM. CODE ANN. § 153.135 ("Joint managing conservatorship does not require the award of equal or nearly equal periods of physical

9

possession of and access to the child to each of the joint conservators."); *Albrecht*, 974 S.W.2d at 265. However, it is equally true that a trial court's possession order may not stand when it effectively contravenes a jury's finding regarding a parent's right to establish a child's primary residence. *See* TEX. FAM. CODE ANN. § 105.002(c)(1); *Albrecht*, 974 S.W.2d at 265; *see also Phillips v. Beaber*, 995 S.W.2d 655, 658 (Tex. 1999) (explaining that the terms "managing conservatorship" and "possession of or access to a child" are not mutually exclusive and that conservatorship rights such as the right to determine the primary residence of the child "encompass[] certain aspects of possession and access"). Neither may the trial court's possession order contravene a jury's finding that such a right should extend to a vast geographic area. *See* TEX. FAM. CODE ANN. § 105.002(c)(1).

The trial court's "week-on/week-off" possession order contravenes the jury's finding regarding the mother's right to establish the child's primary residence because it effectively establishes two primary residences for Z.K.S., separated by 240 miles. *See Albrecht*, 974 S.W.2d at 265. The trial court's disagreement with the jury's verdict is reflected in its findings of fact. The trial court found it notable that mother moved to Spring, Texas after the jury trial, a decision expressly authorized by the jury's verdict. The trial court also relied on mother's decision to feed Z.K.S. strictly breast milk when Z.K.S. was "2% of the weight of most children his age" and the lack of support from mother's family to care for the child while she works, but these are factors which the jury would have necessarily considered when it determined that mother should have the right to designate the child's primary residence.

The trial court's possession order also contravenes the jury's finding of a geographic restriction within the State of Texas. We judicially notice that the State of Texas covers 268,596 square miles, spanning as far as 773 miles west-to-east and 801 miles in a general north-south direction. *See* TEX. R. EVID. 201; *Office of Pub. Util. Counsel v. Pub. Util. Comm'n of Tex.*, 878 S.W.2d 598, 600 (Tex. 1994) (per curiam) (although ordinarily constrained to evaluating an appeal solely from the four corners of the record, a "court of appeals has the power to take judicial notice for the first time on appeal" pursuant to Rule 201); *Heigelmann v. State*, 362 S.W.3d 763, 771 n.12 (Tex. App.—Texarkana 2012, pet. ref'd) (noting that an appellate court may take judicial notice of the distance between two geographic locations); *Butts Retail, Inc. v. Diversifoods, Inc.*, 840 S.W.2d 770, 774 (Tex. App.—Beaumont 1992, writ denied) ("The Court may take judicial notice of the location of cities, counties, boundaries, dimensions, and distances because geographical facts such as these are easily ascertainable and capable of verifiable certainty."). The trial court's order operates as a de facto geographic restriction, in that it limits mother's ability to establish Z.K.S.'s primary residence to those areas where it would be practical, or at least possible, for a weekly exchange of Z.K.S. between the parties.

For the forgoing reasons, we conclude that the trial court's possession order impermissibly contravenes the jury's verdict in this case. *See Lenz*, 79 S.W.3d at 21; *Albrecht*, 974 S.W.2d at 265. Therefore, the possession order cannot stand.

11

**B.     Best Interest of the Child**

Next, we address mother's argument that the trial court abused its discretion in issuing a possession order that is not in the best interest of Z.K.S.

**1.     Standard of Review and Applicable Law**

"The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child." TEX. FAM. CODE ANN. § 153.002; *see Lenz*, 79 S.W.3d at 14; *In re Harrison*, 557 S.W.3d 99, 120 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).   A trial court has broad discretion to decide the best interest of children in matters involving possession and access.   *In re Harrison*, 557 S.W.3d at 120.   Therefore, we review a trial court's possession order for an abuse of that discretion.   *Id*. at 120–21.   A trial court abuses its discretion when its decision is unreasonable, arbitrary, or without reference to guiding rules or principles.   *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002).   Under an abuse of discretion standard, legal and factual sufficiency are not independent grounds for review but are relevant factors in determining whether the trial court abused its discretion.   *In re S.A.H.*, 420 S.W.3d 911, 922 (Tex. App.—Houston [14th Dist.] 2014, no pet.).   We will not find an abuse of discretion provided there is substantive and probative evidence supporting the trial court's decision.   *Blackwell v. Humble*, 241 S.W.3d 707, 715 (Tex. App.—Austin 2007, no pet.).

There is a rebuttable statutory presumption that the standard possession order set out in the family code provides reasonable minimum possession of a child for a parent named as a joint managing conservator and is in the best interest of the child.   *See* TEX.

FAM. CODE ANN. § 152.252 ("Rebuttable Presumption"). The family code provides a standard possession order for parents who, like in this case, reside over 100 miles apart. *Id*. § 153.313 (standard possession order for "Parents Who Reside over 100 Miles Apart"). But the standard possession order is designed to apply to a child three years of age or older. *Id*. § 153.251. When a child is less than three years of age, as Z.K.S. was when the possession order was rendered, the family code requires the trial court to render an "appropriate order under the circumstances," while considering evidence of all relevant factors. *Id*. § 153.254(a). The family code also requires a trial court to render a prospective order to take effect on the child's third birthday, "which presumptively will be the standard possession order." *Id*. § 153.254(d). Specifically, the trial court must consider the following factors:

(1) the caregiving provided to the child before and during the current suit;

(2) the effect on the child that may result from separation from either party;

(3) the availability of the parties as caregivers and the willingness of the parties to personally care for the child;

(4) the physical, medical, behavioral, and developmental needs of the child;

(5) the physical, medical, emotional, economic, and social conditions of the parties;

(6) the impact and influence of individuals, other than the parties, who will be present during periods of possession;

(7) the presence of siblings during periods of possession;

(8) the child's need to develop healthy attachments to both parents;

(9) the child's need for continuity of routine;

13

(10) the location and proximity of the residences of the parties;

(11) the need for a temporary possession schedule that incrementally shifts to the [prospective order rendered when the child reaches the age of three] based on:
(A) the age of the child; or
(B) minimal or inconsistent contact with the child by a party;

(12) the ability of the parties to share in the responsibilities, rights, and duties of parenting; and

(13) any other evidence of the best interest of the child.

*Id*. § 153.254(a).

## 2. Analysis

We observe several problems with the trial court's order. First, it does not provide for a prospective order to take effect on Z.K.S.'s third birthday. Rather, the trial court rendered a prospective order to take place in August 2022, when Z.K.S will be approximately five and a half years old. The trial court abused its discretion in failing to abide by this statutory mandate. *See F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 694 (Tex. 2007) ("[F]ailing to correctly apply the law is an abuse of discretion.").

Second, of the relevant factors highlighted by the legislature for children less than three years of age, the trial court failed to give proper consideration to "the child's need for continuity of routine" and "the location and proximity of the residences of the parties." The possession order does not account for the fact that mother and father are separated by 240 miles (a potential circumstance that was taken into account by the jury in rendering its verdict). In providing for "week on/ week off" possession periods, Z.K.S. has no

14

continuity of routine. Rather, given the distance between the parents, the trial court's order necessarily subjects Z.K.S. to a weekly disruption of where he lives, sleeps, and receives early child education. As noted above, the standard possession order for parents who reside over 100 miles apart is not strictly applicable to children under the age of three. However, it is illustrative of a possession order which adequately accounts for the parents' proximity to each other, and it presumptively provides reasonable minimum possession of a child for a parent named as a joint managing conservator and is in the best interest of the child.[5] *See* TEX. FAM. CODE ANN. §§ 152.252, 153.313.

Finally, we note important factual similarities between this case and *Albrecht*, in which our sister court held that the trial court's equal time possession order was not in the child's best interest. 974 S.W.2d at 265. In *Albrecht*, the court noted that the parents were unable to meaningfully cooperate in the child's upbringing, which would "place the child under unnecessary stress during a time when stability is needed to help the child adjust to the change in his family situation." *Id*. at 265–66. The court also concluded that the trial court's possession order was "impractical" because both parents worked, and the alternating possession periods would make it difficult to maintain stable child care. *Id*. at 266.

In this case, the record shows a broken and contentious relationship between mother and father and their respective families. There is no indication in the record that mother and father are able to cooperate in matters concerning Z.K.S. We agree with our

---

[5] Section 153.313 of the family code generally provides a parent residing more than 100 miles from the residence of the child with regular weekend possession beginning on the first, third, and fifth Friday of each month and possession during spring and summer breaks. TEX. FAM. CODE ANN. § 153.313.

15

sister court that an equal time possession order would only magnify these problems, placing Z.K.S. under unnecessary stress. Additionally, the record reflects that both parents work, and Z.K.S. would be in daycare during mother's period of possession. We again agree with our sister court's observation that alternating possession periods, especially for parents living far apart, will make it difficult to maintain stable child care, which is not in the child's best interest.

## C.     Summary and Instructions

We conclude that the trial court's possession order contravenes the jury's finding that mother should have the right to designate Z.K.S.'s primary residence within the State of Texas. We further conclude that the trial court abused its discretion in rendering a possession order that is not in the best interest of Z.K.S. For the foregoing reasons, we sustain mother's issue.

We previously signaled our concerns when we exercised our authority under § 109.002 of the family code and suspended enforcement of the trial court's possession order pending appeal. *See* TEX. FAM. CODE ANN. § 109.002 (authorizing an appellate court to suspend a final order in a suit affecting the parent-child relationship "on a proper showing"). As noted above, the trial court then issued temporary orders pending appeal providing for alternating two-week possession periods. The trial court's temporary orders suffer from the same deficiencies as its original order. On remand, we instruct the trial court to issue a possession order which does not contravene the jury's finding that mother should have the right to designate Z.K.S.'s primary residence within the State of Texas. For the period prior to Z.K.S.'s third birthday, which is February 20, 2020, the

16

possession order must properly account for "the child's need for continuity of routine" and "the location and proximity of the residences of the parties," among other relevant factors. We assume that the trial court will comply with the family code's statutory directive to render a prospective possession order to take effect on Z.K.S.'s third birthday, which is presumptively the standard possession order provided in the family code for parents who reside over 100 miles apart.   *See id*. § 153.313.

### III.   CONCLUSION

We reverse the trial court's possession order and temporary orders pending appeal and remand the cause to the trial court for further proceedings consistent with this memorandum opinion.   We dismiss any pending motions as moot.

LETICIA HINOJOSA
Justice

Delivered and filed the
9th day of January, 2020.

17